HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801]
E-mail: tmf@hassard.com

Attorneys for Defendants
DAVOL INC., BARD DEVICES INC.,
AND C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LARRY PALMER, an individual, and LORETTA PALMER, an individual and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL INC., a Corporation, BARD DEVICES, INC., a Corporation, and C.R. BARD, INC., a Corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | No. SACV08-220 AHS (RNBx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC., BARD DEVICES, INC., AND C.R. BARD, INC.** |

Defendants Davol Inc., Bard Devices, Inc., and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

## NATURE OF THE CASE

1. Paragraph 1 of the Complaint either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to

which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 1.

## PARTIES

**Plaintiffs**

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. With respect to the allegations directed at Defendants, Defendants admit that Davol Inc. designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants do not know what is meant by "fabricated" beyond the meaning of "manufactured," which has been addressed above. Defendants accordingly deny that allegation and every remaining allegation in Paragraph 2.

3. Paragraph 3 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

**Defendants**

4. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol admits that it is a subsidiary of C.R. Bard, Inc. Davol further admits at certain times it has conducted limited manufacturing of the Composix® Kugel® Patch and that it distributed, manufactured and sold the Composix® Kugel® Patch throughout the United States, including the State of California. Davol denies each and every remaining allegation in Paragraph 4.

5. Bard Devices, Inc. (collectively with C.R. Bard, Inc., "Bard") admits that it is organized under the laws of the State of New Jersey and that it is a subsidiary of C.R. Bard, Inc. Bard further admits that it does business throughout the United States,

including the State of California. Bard denies each and every remaining allegation in Paragraph 5.

6. C.R. Bard, Inc. (collectively with Bard Devices, Inc., "Bard") admits that it is organized under the laws of the State of New Jersey and that Bard Devices, Inc. and Davol are its subsidiaries. Bard further admits that it does business throughout the United States, including the State of California. Bard denies each and every remaining allegation in Paragraph 6.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Paragraph 8 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Paragraph 11 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore deny the same.

12. Paragraph 12 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore deny the same.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. To the extent the allegations in Paragraph 14 pertain to Defendants Davol and Bard, the allegations in Paragraph 14 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

15. The allegations in Paragraph 15 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

17. The allegations in Paragraph 17 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

18. The allegations in Paragraph 18 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

19. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to any remaining allegations contained in Paragraph 19 of the complaint, Davol does not know what is meant by “fabricated” beyond the meanings of “manufactured” and “distributed” which have been addressed above. Davol accordingly denies each and every remaining allegation in the paragraph. Bard denies each and every allegation presented in Paragraph 19.

**JURISDICTION AND VENUE**

20. The allegations in Paragraph 20 of the Complaint are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore deny the same.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22. Paragraph 22 of the Complaint either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth such allegations or the paragraph contains allegations that are conclusions of law to which no response is required. Defendants accordingly deny the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

24. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to any remaining allegations contained in Paragraph 24 of the complaint, Davol does not know what is meant by "fabricated" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Davol accordingly denies each and every remaining allegation in this paragraph. Bard denies each and every allegation presented in Paragraph 24.

25. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information. Defendants further admit that the Composix® Kugel® Patch incorporates the "memory recoil ring" technology and "ePTFE" technology. Defendants deny any remaining allegations in this paragraph.

26. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

27. Defendants deny the allegations in Paragraph 27.

28. The Establishment Inspection Report referenced in Paragraph 28 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

29. Defendants deny the allegations in Paragraph 29.

30. The Establishment Inspection Report referenced in Paragraph 30 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

31. Defendants deny the allegations in Paragraph 31. Answering further, Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. As to the remaining allegations in this paragraph, Defendants state that they are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations.

32. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death."

33. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.

34. The Establishment Inspection Report referenced in Paragraph 34 speaks for itself. To the extent any material allegations are alleged, Defendants deny the allegations.

35. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

36. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

37. Defendants deny the allegations.

38. Defendants deny the allegations.

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore deny the same.

41. Paragraph 41 of the Complaint either contains allegations to which Defendants lack sufficient knowledge or information to form a belief as to the truth of such allegations, or the paragraph contains allegations that are conclusions of law to which no response is required. To the extent that a response is required, Defendants accordingly deny the allegations in Paragraph 41.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore deny the same.

43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore deny the same.

44. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore deny the same.

45. The allegations in Paragraph 45 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore deny the same.

47. The allegations in Paragraph 47 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to inform the "public at large" is controlled by FDA regulations, which were complied with.

50. Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

## FRAUDULEANT CONCEALMENT

52. The allegations in Paragraph 52 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

54. The allegations in Paragraph 54 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

55. In response to Paragraph 55 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 and its subparts (a) through (p) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. The allegations in Paragraph 62 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

67. In response to Paragraph 67 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

68. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to any remaining allegations contained in Paragraph 68 of the complaint, Davol does not know what is meant by “fabricated” beyond the meanings of “manufactured” and “distributed” which have been addressed above. Davol accordingly denies each and every remaining allegation in the paragraph. Bard denies each and every allegation presented in Paragraph 68.

69. The allegations in Paragraph 69 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

73. The allegations in Paragraph 73 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

77. The allegations in Paragraph 77 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

80. The allegations in Paragraph 80 are conclusions of law to which no response is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and accordingly deny the allegations.

81. The allegations in Paragraph 81 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY – DESIGN DEFECT**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

82. In response to Paragraph 82 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

83. Davol admits that it designed, conducted limited manufacturing of, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "fabricated" beyond the meanings of "manufactured" and "distributed" which have been addressed above. As to the remaining allegations contained in Paragraph 83 of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard denies each and every allegation presented in Paragraph 83.

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

85. The allegations in Paragraph 85 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

86. The allegations in Paragraph 86 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

88. The allegations in Paragraph 88 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations. As to the remaining allegations in Paragraph 89, they are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

92. The allegations in Paragraph 92 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

93. The allegations in Paragraph 93 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

94. Defendants deny the allegations.

95. The allegations in Paragraph 95 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

96. The allegations in Paragraph 96 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

97. The allegations in Paragraph 97 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FOURTH CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

99. In response to Paragraph 99 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

100. The allegations in Paragraph 100 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

103. The allegations in Paragraph 103 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FIFTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

104. In response to Paragraph 104 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

105. The allegations in Paragraph 105 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

107. The allegations in Paragraph 107 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

108. The allegations in Paragraph 108 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

110. The allegations in Paragraph 110 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

111. The allegations in Paragraph 111 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SIXTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

113. In response to Paragraph 113 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

114. Davol admits that it designed, conducted limited manufacturing of, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 114 of the complaint, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations. Bard denies each and every allegation presented in Paragraph 114.

115. The allegations in Paragraph 115 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

116. The allegations in Paragraph 116 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

117. The allegations in Paragraph 117 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

118. The allegations in Paragraph 118 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

119. The allegations in Paragraph 119 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

120. The allegations in Paragraph 120 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

121. The allegations in Paragraph 121 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## SEVENTH CAUSE OF ACTION

## DECEIT BY CONCEALMENT – CAL. CIV. CODE §§ 1709 - 1710

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

122. In response to Paragraph 122 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

123. The allegations in Paragraph 123 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

124. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to "inform the public at large" is controlled by FDA regulations, which were complied with.

125. The allegations in Paragraph 125 and its subparts (a) through (m) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

126. The allegations in Paragraph 126 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

127. The allegations in Paragraph 127 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

128. Defendants deny the allegations.

129. The allegations in Paragraph 129 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

130. The allegations in Paragraph 130 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

131. The allegations in Paragraph 131 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

132. The allegations in Paragraph 132 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

133. The allegations in Paragraph 133 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

134. The allegations in Paragraph 134 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## EIGHTH CAUSE OF ACTION

## DECEIT BY INTENTIONAL MISREPRESENTATION – CAL. CIV. CODE §§ 1709 - 1710

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

135. In response to Paragraph 135 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

136. The allegations in Paragraph 136 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

137. The allegations in Paragraph 137 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

138. The allegations in Paragraph 138 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

139. The allegations in Paragraph 139 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

140. The allegations in Paragraph 140 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

141. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

142. The allegations in Paragraph 142 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

143. The allegations in Paragraph 143 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

144. The allegations in Paragraph 144 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

145. The allegations in Paragraph 145 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

146. The allegations in Paragraph 146 are conclusions of law and no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the allegations.

147. The allegations in Paragraph 147 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## NINTH CAUSE OF ACTION

**FRAUD AND DECEIT**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

148. In response to Paragraph 148 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

149. The allegations in Paragraph 149 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

150. The allegations in Paragraph 150 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

151. The allegations in Paragraph 151 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

152. Defendants deny the allegations.

153. The allegations in Paragraph 153 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

154. The allegations in Paragraph 154 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

155. The allegations in Paragraph 155 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

156. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

157. The allegations in Paragraph 157 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

158. The allegations in Paragraph 158 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

159. The allegations in Paragraph 159 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

160. The allegations in Paragraph 160 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**TENTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

161. In response to Paragraph 161 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

162. The allegations in Paragraph 162 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

163. The allegations in Paragraph 163 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

164. The allegations in Paragraph 164 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

165. The allegations in Paragraph 165 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

166. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

167. The allegations in Paragraph 167 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

168. The allegations in Paragraph 168 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

169. The allegations in Paragraph 169 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

170. The allegations in Paragraph 170 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**ELEVENTH CAUSE OF ACTION**

**<u>VIOLATION OF BUSINESSES AND PROFESSIONS CODE §§ 17200, ET SEQ.</u>**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

171. In response to Paragraph 171 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

172. The allegations in Paragraph 172 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

173. The allegations in Paragraph 173 and its subparts (a) through (e) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

174. The allegations in Paragraph 174 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

175. The allegations in Paragraph 175 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

176. The allegations in Paragraph 176 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

177. The allegations in Paragraph 177 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

178. The allegations in Paragraph 178 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

179. The allegations in Paragraph 179 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**<u>TWELFTH CAUSE OF ACTION</u>**

**<u>VIOLATION OF BUSINESSES AND PROFESSIONS CODE §§ 17500, ET SEQ.</u>**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

180. In response to Paragraph 180 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

181. The allegations in Paragraph 181 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

182. The allegations in Paragraph 182 and its subparts (a) through (e) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

183. The allegations in Paragraph 183 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

184. The allegations in Paragraph 184 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

185. The allegations in Paragraph 185 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

186. The allegations in Paragraph 186 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

187. The allegations in Paragraph 187 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**THIRTEENTH CAUSE OF ACTION**

**VIOLATION OF CIVIL CODE §§ 1750, ET SEQ.**

**(By Plaintiff LARRY PALMER Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

188. In response to Paragraph 188 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

189. The allegations in Paragraph 189 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

190. The allegations in Paragraph 190 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

191. The allegations in Paragraph 191 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

192. The allegations in Paragraph 192 and its subparts (a) and (b) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

193. The allegations in Paragraph 193 and its subparts (a) through (d) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

194. The allegations in Paragraph 194 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

195. The allegations in Paragraph 195 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

196. The allegations in Paragraph 196 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

197. The allegations in Paragraph 197 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FOURTEENTH CAUSE OF ACTION**

**MEDICAL NEGLIGENCE**

**(By Plaintiff LARRY PALMER Against Defendants COLLEEN L. COLEMAN, M.D., HOAG MEMORIAL HOSPITAL PRESBYTERIAN, and DOES 151 through 300, inclusive.)**

198. In response to Paragraph 198 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

199. Paragraph 199 contains allegations regarding parties other than Defendants Davol and Bard to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 199 and therefore deny the same.

200. Paragraph 200 contains allegations regarding parties other than Defendants Davol and Bard to which no response is required. To the extent that a

response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 200 and therefore deny the same.

201. Paragraph 201 contains allegations regarding parties other than Defendants Davol and Bard to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 201 and therefore deny the same.

202. Paragraph 202 contains allegations regarding parties other than Defendants Davol and Bard to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 202 and therefore deny the same.

203. Paragraph 203 contains allegations regarding parties other than Defendants Davol and Bard to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 203 and therefore deny the same.

**FIFTEENTH CAUSE OF ACTION**

**LOSS OF CONSORTIUM**

**(By Plaintiff LORETTA PALMER Against All Defendants)**

204. In response to Paragraph 204 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

206. The allegations in Paragraph 206 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

207. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

208. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

209. The allegations in Paragraph 209 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**PUNITIVE DAMAGES ALLEGATIONS**

**CIVIL CODE § 3294**

**(Against Defendants DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive)**

210. In response to Paragraph 210 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

211. The allegations in Paragraph 211 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

212. The allegations in Paragraph 212 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

213. The allegations in Paragraph 213 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

214. The allegations in Paragraph 214 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiffs' Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs' claims are barred, in whole or in part, for their failure to provide Defendants with timely notice of her claims as required by the California Uniform Commercial Code.

8. Plaintiffs' or their agents', including their physicians' misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

9. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

11. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bar Plaintiffs' claims.

13. The learned intermediary doctrine bars Plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

18. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Daly v. General Motors Corp., 20 Cal.3d 725 (1978)), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiffs and any party, person, or entity who has settled with the Plaintiffs. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar

credit for any such settlements and any amounts received by Plaintiffs from any source whatsoever with respect to the injuries and damages at issue in this suit.

19. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

20. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

21. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

22. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

23. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

24. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

25. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

26. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

27. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either

caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

28. The applicable state and federal law, including State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the California Constitution.

29. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the California Constitution.

30. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under California and/or other applicable laws.

31. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

32. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than California.

33. Plaintiffs' purported cause of action for alleged strict liability is barred by virtue of the ruling of the California Supreme Court in <u>Brown v. Superior Court</u> (1988) 44 Cal.3d 1049, and its progeny.

34. There was no detrimental reliance on any representations of Defendants, if any there were.

35. Plaintiffs are not proper parties and lack standing to assert the purported claims set forth in the Complaint.

36. Any and all representations of Defendants were, by their nature, not actionable.

37. Any and all conduct by Defendants was justified, reasonable and appropriate.

38. Any practices by Defendants are not unlawful in that Defendants have complied with all applicable statutes, ordinances or other laws.

39. Any practices by Defendants are not unlawful in that Defendants have substantially complied with all applicable statutes, ordinances or other laws.

40. Plaintiffs are estopped from alleging any cause of action against Defendants in that Defendants relied upon regulatory approval for any practices.

41. Any practices by Defendants are not unfair; any such practices have utility and value that outweigh any potential harm in that they are valuable, practical, fair, nondeceptive and useful to Defendants' operations.

42. Any practices by Defendants are not fraudulent and were not likely to mislead the public in any material respect.

43. Plaintiffs and members of the general public had reasonably available an alternative source of supply from which to obtain any goods or services provided and freely consented to any goods or services provided and, as such, the Complaint fails to state a cause of action for unfair business practices.

44. In the event Plaintiffs have asserted any purported claims in a representative capacity, this is improper and barred in that Plaintiffs have failed to meet the requirements of Code of Civil Procedure Section 382, as required by "Proposition 64".

45. Any practices by Defendants are not unfair in that any such practices have utility and value that outweigh any potential harm in that they are valuable, practical, fair, non-deceptive and useful to Defendants' operations.

46. Plaintiffs are not entitled to injunctive relief, disgorgement of profits by Defendants, attorneys' fees or any other form of relief in connection with any practices of Defendants.

47. Any injunctive relief granted must be directed at a practice prohibited by the statutes, ordinances or other laws in question, not some purported ancillary wrong.

48. In the event Plaintiffs are entitled to any relief at all, which is denied, Plaintiffs had adequate money damages available, but failed to timely seek such damages, thereby barring injunctive relief.

49. Plaintiffs have failed to state a proper claim for injunctive relief as the matter is now moot.

50. Plaintiffs' Complaint, and each and every purported cause of action of said Complaint, fails to state a claim upon which attorneys' fees can be awarded against Defendants.

51. Plaintiffs' action and claims are barred by the doctrine of estoppel.

52. Plaintiffs' action and claims are barred by the doctrine of waiver.

53. Plaintiffs are not entitled to the relief requested in that there is an adequate remedy at law, to the extent Plaintiffs are entitled to any relief, which is denied.

54. Plaintiffs' action and claims are barred by the doctrine of unclean hands.

55. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc., Bard Devices, Inc., and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint

with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: **March 5, 2008**

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder_____________
Thomas M. Frieder
Attorneys for defendant DAVOL INC., defendant BARD DEVICES, INC., and defendant C.R. BARD, INC.

# PROOF OF SERVICE

Case Name: **Larry Palmer et al. vs. Davol Inc. et al.**

Court: **United States District Court**
**Central District of California**
**Southern Division**

Case No.: **SACV08-220 AHS (RNBx)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **March 5, 2008**, I served the following documents:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC., BARD DEVICES, INC. AND C.R. BARD, INC.**

I served the documents on the persons below as follows:

Ramon Rossi Lopez, Esq.
Lopez McHugh LLP
100 Bayview Circle
North Tower, Suite 5600
Newport Beach, CA 92660

4. The documents were served by the following means (specify):

____ **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

**X** **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ **By fax transmission**. I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **March 5, 2008**

Esther Hom

# PROOF OF SERVICE

Case Name: **Larry Palmer et al. vs. Davol Inc. et al.**

Court: **United States District Court**
**Central District of California**
**Southern Division**

Case No.: **SACV08-220 AHS (RNBx)**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **March 5, 2008**, I served the following documents:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC., BARD DEVICES, INC. AND C.R. BARD, INC.**

I served the documents on the persons below as follows:

Ramon Rossi Lopez, Esq.
Lopez McHugh LLP
100 Bayview Circle
North Tower, Suite 5600
Newport Beach, CA 92660

4. The documents were served by the following means (specify):

____ **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was __________.

_X_ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **March 5, 2008**

Esther Hom