Ramon Rossi Lopez, Bar No. 086361
Christina Anne Fountain, Bar No. 111220
Troy Alexander Brenes, Bar No. 249776
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
(949) 737-1501 Telephone
(949) 737-1504 Facsimile
rlopez@lopezmchugh.com
cfountain@lopezmchugh.com
tbrenes@lopezmchugh.com
Attorneys for Plaintiffs BRIAN SUTTON
And DEBORAH SUTTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PALMER, an individual, and LORETTA PALMER, an individual, and as husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>DAVOL, INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD, Inc., a corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | **Case No. SACV08-00220 AHS(RNBx)**<br><br>**NOTICE OF MOTION AND MOTION BY PLAINTIFFS TO REMAND; REQUEST FOR COSTS INCLUDING ATTORNEYS' FEES ON IMPROPER REMOVAL; AND SUPPORTING DECLARATION OF CHRISTINA ANNE FOUNTAIN**<br><br>DATE: May 5, 2008<br>TIME: 10:00 a.m.<br>COURTROOM: 10A<br><br>(Superior Court of California, County of Orange, Case No. 30-2007-00100114-CU-PO-CJC) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 5, 2008 at 10:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 10A of the United States District Court, Central District, pursuant to 28 U.S.C. §1447(c), Plaintiffs hereby move this Court (a) for remand of the action to Superior Court of California, County of Orange; and (b) as against Defendants Davol, Inc. ("Davol"), Bard Devices, Inc. ("Bard Devices") and C.R. Bard (C.R. Bard) and their attorneys Hassard Bonnington LLP, for an award of costs (including attorneys' fees) in an amount not less than $4,500.

PLEASE TAKE FURTHER NOTICE a Conditional Transfer Order regarding this case has been issued by the Judicial Panel on Multidistrict Litigation, which will result in the improper transfer of this case to the Federal Multidistrict Litigation proceedings, if this case is not timely remanded to state court.

Plaintiffs' instant Notice of Remand and Motion for Remand is based on the following:

(a) That diversity jurisdiction does not exist as Plaintiffs have properly alleged negligence against Hoag Memorial Hospital Presbyterian, a Corporations with its principal place of business in California, and against Colleen Coleman, M.D., a physician practicing and residing in the State of California, thereby destroying diversity since Plaintiffs are, and have been at all relevant times, residents of the state of California;

(b) That Davol, Inc., Bard Devices, Inc., and C.R. Bard, Inc. failed to establish a valid exception to the diversity requirements under 28 U.S.C. Section 1332 and the forum defendant rule under 28 U.S.C. Section 1441(b).

(c) That even if the Court adopted the theory of "procedural misjoinder," it would not apply in this case as plaintiffs properly joined all Defendants.

(d) That all defendants did not consent to removal, thereby rendering the removal notice and removal procedurally defective.

(e) Plaintiffs are entitled to attorney's fees and costs for the time and effort required to file this Notice of Motion and Motion for Remand based on a meritless and frivolous Removal by Defendant Mallinckrodt.

Based on the foregoing, Plaintiffs request that this Court remand this case to Superior Court of California, County of Orange, Southern Division and attorneys fees and costs in connection with the removal and subsequent motions.

March 28, 2008

LOPEZ McHUGH LLP

By: ______________________

Ramon Rossi Lopez
Christina Anne Fountain
Troy Alexander Brenes
Attorneys for Plaintiffs
BRIAN SUTTON and
DEBORAH SUTTON

TABLE OF CONTENTS

RELIEF REQUESTED ........................................ 2

JURISDICTION TO ENTER REMAND ORDER ........................................ 3

PROCEDURAL POSTURE ........................................ 3

QUESTION PRESENTED ........................................ 5

LEGAL ANALYSIS ........................................ 5

I. Removal is Defective Because Defendants Coleman and Hoag are Non-Diverse, Forum Defendants ........................................ 6

II. Removal is Defective Because Defendants Coleman and Hoag Do Not Consent to the Removal ........................................ 6

III. This Case Should be Remanded to State Court for Lack of Subject Matter Jurisdiction Because Defendants Davol, Bard Devices, and C.R. Bard Fail to Prove an Exception to the "Complete Diversity Rule" or the "Forum Defendants Rules." ........................................ 7

A. Defendants Davol, Bard Devices, and C.R. Bard Fail to Demonstrate That There is No Possibility of Plaintiffs Establishing a Casue of Action Against Defendants Coleman and Hoag, as Such, Coleman and Hoag Are not Fraudulent Joined, and the Court Should Not Ignore their Citizenship for Puposes of Jurisdictional Analysis ........................................ 7

1. Plaintiffs state facts sufficient to support a claim for medical negligence against Defendants Coleman and Hoag, whom are necessary and indispensable parties ........................................ 8

2. Non-Compliance with §364 is not a basis for finding Failure to state a cause of action ........................................ 15

B. Removing Defendants Ignore Case Law in Asking This Court to Adopt "Procedural Misjoinder;" a New Doctrine Creating an Additional Exception to the Complete Diversity Rule and the Forum Defendant Rule ........................................ 16

C. Even If This Court Applies, the Doctrine of Procedural Misjoinder, Remand Is Still Required, As Plaintiffs Properly Joined Medical Defendants Under California Law ....20

IV. This Case Should be Remanded State Court Because Defendants Coleman and Hoag do not Consent to Removal, and Defendants Davol, Bard Devices, and C.R. Bard Fail to Prove an Exception to the Unanimity Requirement ....23

V. Plaintiffs Are Entitled to Fees and Costs on Meritless Removal ....24

# TABLE OF AUTHORITIES

**STATUTES:**

28 U.S.C. § 1407 ........................................ 3

28 U.S.C. § 1447(c) ........................................ 2, 3, 24

28 U.S.C.§ 1441(a) ........................................ 6

28 U.S.C. §1441(b) ........................................ 6

28 U.S.C. § 1446(a) ........................................ 6, 23

28 U.S.C. § 1332 ........................................ 5

Fed. R. Civ. P. 20 ........................................ 6, 16, 17

Fed. R. Civ. P. 21 ........................................ 16

Fed. R. Civ. P. 8(a)(2) ........................................ 8, 9, 14, 21

Civ.Code Proc. § 379 ........................................ 20, 21, 22, 23

Civ.Code Proc. §364 ........................................ 15

JPML Rule 7.4(c) ........................................ 3

JPML Rule 1.5 ........................................ 3

**CASES:**

*Aaron v. Merck & Co., Inc.*, No. CV 05-4073-JFW (MANx), 2005 WL 5792361 at *3 (C.D.Cal.) ........................................ 16, 17, 19

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1995, 1964-65 ........................................ 9

*Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) ...... 11

*Burgess v. Superior Court,* 2 Cal. 4th 1064, 1077 (1992) ........................................ 9

*Cohen v. Office Depot., Inc.*, 204 F.3d 1069 (11th Cir. 2000) ........................................ 16

*Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006) ................ 16, 19, 22

*Dodson v. Spiliada Martime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992) ........................................ 8

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir.1996) .......... 5

*Embarcadero Techs., Inc. v. TTI Team Telecom Techs., Inc.*, 2006 U.S. Dist. LEXIS 47072 (N.D. Cal. 2006) .......... 24

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988) .......... 6, 23

*Erickson v. Pardus* 127 S.Ct. 2197, 2200 (2007) .......... 9, 14

*Faulk v. Owens-Corning, Fiberglass Corp. 48 F.2d 653 (E.D. Texas Beaumont Division 1999* .......... 3

*Fu's Garden Restaurant v. Arche-Daniels-Midland Company,* Nos. C 99-5452 MJJ, C 00-0579 MJJ, 2000 WL 635440, *1(N.D.Cal.2000) .......... 3

*Gaus v. Miles,* Inc., 980 F.2d 564 (9th Cir. 1992) .......... 6

*Greene v. Wyeth*, 344 F.Supp.2d 674 (D. Nev. 2004) .......... 19, 22

*Hodach v. Caremark Rx, Inc.*, 374 F. Supp. 2d 1222 (N.D. Ga. 2005) .......... 24

*HVAC Sales, Inc., v. Zurich American Ins. Group*, No. C-04-03615 RMW, 2005 WL 2216950 at *4-5 (N.D. Cal.) .......... 16, 17, 19

*In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667 (E.D. Pa. 2003) .......... 20

*In re Guidant Defibrillators Product Liability Litigation*, Case No. 0:05-md-01708 (D. Minn. August 30, 2007 .......... 19, 22

*In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136 (S.D.N.Y. 2001) .......... 19, 22

*Kraft v. Smith* (1944) 24 Cal.2d 124 .......... 22

*Landau v. Salam*, 4 Cal.3d 901 (1971) .......... 20, 22

*Little v. Purdue Pharma, LP*, 227 F.Supp. 2d 838, 849 .......... 8

*McCabe v. General Foods Corp.*, 811F.2d 1336 (9th Cir. 1987) .......... 8

*McCalden v. California Library Ass'n*, 955 F.2d 1214 (9th Cir. 1992) .......... 21

*Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir. 1992) .......... 24

*Morris v. Princess Cruises, Inc., 236 F.3d 1061 (9th Cir. 2001)* .......... 6, 7

*Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123
(E.D. Cal. 2004)........................................................................ 6, 16, 17, 18, 19, 20

*Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir.1998)............................................6

*Rosado v. Alameida,* 497 F.Supp.2d 1179 (2007)..........................................................15

*Sanchez v. monumental Life Ins. Co.,* 102 F.3d 398 (9th Cir. 1996) ................................5

*Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069
(11th Cir. 2000) ........................................................................... 16, 17, 18, 19

*Toigo v. Hayashida,* 103 Cal.App.3d 267 (App.3d Dist., 1980)......................................15

*Tran v. Waste Mgmt.*, 290 F. Supp. 2d 1286 (M.D. Fla. 2003) .......................................24

*Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d 691 (N.D. Miss. 2004)..........................20

*Zurich American Ins. Group,* C-04-03615 RMW, 2005 WL 2216950 at *4-5
(N.D.Cal.) ...........................................................................................17

**PLEADINGS:**

Pls.' Compl. For Damages ........................................................................21, 22

Defs.'Notice of Removal and Demand For Jury Trial ..............................................19, 22

Ramon Rossi Lopez, Bar No. 086361
Christina Anne Fountain, Bar No. 111220
Troy Alexander Brenes, Bar No.
**LOPEZ McHUGH LLP**
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
(949) 737-1501 Telephone
(949) 737-1504 facsimile
rlopez@lopezmchugh.com
cfountain@lopezmchugh.com
tbrenes@lopezmchugh.com
Attorneys for Plaintiffs LARRY PALMER
And LORETTA PALMER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PALMER, an individual, and LORETTA PALMER, an individual, and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD, Inc., a corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | **Case No. SACV08-00220 AHS(RNBx)**<br><br>**MOTION BY PLAINTIFFS TO REMAND; REQUEST FOR COSTS INCLUDING ATTORNEYS' FEES ON IMPROPER REMOVAL; and SUPPORTING DECLARATION OF CHRISTINA ANNE FOUNTAIN**<br><br>DATE: May 5, 2008<br>TIME: 10:00 a.m.<br>COURTROOM: 10A<br><br>(Superior Court of California, County of Orange, Case No. 30-2007-00100114-CU-PO-CJC) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 5, 2008 at 10:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 10A of the United States District Court, Central District, pursuant to 28 U.S.C. §1447(c), Plaintiffs hereby move this Court (a) for remand of the action to Superior Court of California, County of Orange; and (b) as against Defendants Davol, Inc. ("Davol"), Bard Devices, Inc. ("Bard Devices") and C.R. Bard (C.R. Bard) and their attorneys Hassard Bonnington LLP, for an award of costs (including attorneys' fees) in an amount not less than $4,500.

PLEASE TAKE FURTHER NOTICE a Conditional Transfer Order regarding this case has been issued by the Judicial Panel on Multidistrict Litigation, which will result in the improper transfer of this case to the Federal Multidistrict Litigation proceedings, if this case is not timely remanded to state court.

**RELIEF REQUESTED**

Plaintiff brings this motion for remand pursuant to 28 U.S.C. §1447(c), following Davol's, Bard Devices', and C.R. Bard's meritless removal of the action on diversity grounds, and their subsequent request for transfer to the Multidistrict Litigation Proceedings regarding the Kugel Mesh Hernia Patch. Plaintiffs have properly joined and adequately alleged causes of action for professional negligence against plaintiff LARRY PALMER'S health care providers, Colleen L. Coleman, M.D. ("Coleman"), and Hoag Memorial Hospital Presbyterian ("Hoag"), both of which *are California residents* and/or professionals or entities associated with the well-established Hoag Memorial Hospital Presbyterian in Newport Beach, California.

Plaintiffs, LARRY PALMER and LORETTA PALMER, also reside in, California. The surgical procedure, in which the recalled Bard® Composix® Kugel® Patch ("Kugel Patch") was implanted into LARRY PALMER, occurred in California. Defendants Coleman and Hoag are not sham defendants, are properly joined, are Forum Defendants and are not diverse from Plaintiffs in respect to citizenship. As such, the District Court lacks subject matter jurisdiction over this matter and the case should be

remanded to state court. Moreover, Plaintiffs are entitled to an award of costs, including attorneys fees incurred in connection with seeking remand after defendants' improper removal of the action to federal district court.

## JURISDICTION TO ENTER REMAND ORDER

1. Under JPML Rule 7.4(c), upon the receipt of the notice of opposition "the Clerk of the Panel shall not transmit said [conditional transfer] order to the clerk of the transferee district court until further order of the Panel. Because "[c]onditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court," Rule 7.4(e), filing the notice of opposition "stays execution of the [conditional transfer] order." *Fu's Garden Restaurant v. Archer-Daniels-Midland Company*, 2000 WL 635440, *1 (N.D. Cal.2000).

2. Under JPML Rule 1.5, this Court retains jurisdiction to decide the pending motions to remand and stay: The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court. A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district. When a notice of opposition to conditional transfer order is filed, the transferee court "retains jurisdiction to decide [a pending motion to remand]." *Fu's Garden Restaurant v. Archer-Daniels-Midland Company,* 2000 WL 635440, *1 (N.D. Cal.2000). *Faulk v. Owens-Corning, Fiberglass Corp.*, 48 F.Supp. 2d 653, 657 n.2 (E.D. Texas Beaumont Division 1999).

## PROCEDURAL POSTURE

3. On or about February 25, 2008, Plaintiffs filed their First Amended Complaint for damages arising from the severe, debilitating, and permanent injuries LARRY PALMER suffered, including, but not limited to, perforation of the bowel, intestinal fistula, sepsis, peritonitis, dense internal scarring, matting together of his

bowel, and removal of the infected Kugel Patch. *See,* Pls.' First Am. Compl. attached hereto as Exhibit A. Plaintiff suffered these injuries as a result of having the unreasonably dangerous Kugel Patch, manufactured by Defendants Davol, Bard Devices, and C.R. Bard, implanted into abdomen during a surgical procedure negligently performed by Defendants Coleman and Hoag.

4. On October 29, 2003, Defendants Coleman and Hoag surgically implanted Plaintiff Larry Palmer with a Kugel Patch. The U.S. Food and Drug Administration ("FDA") issued a class 1 recall for the Kugel Patch implanted into Plaintiff on December 22, 2005. *See*, FDA recall alert attached hereto as Exhibit B. Plaintiff was not informed of the recall until sometime in 2007. On or about September 13, 2006, Plaintiff Larry Palmer rushed to Riverside Community Hospital in Riverside, California, due to high fever, severe vomiting, nausea and sepsis symptoms. Physicians performed an emergency exploratory laparotomy and found that, *inter alia*, the Kugel Patch had become deformed, perforated Plaintiff's bowel, and caused infection, intestinal fistulae, sepsis, dense scarring, and his bowel in this area to become "matted together". Physicians removed the infected Kugel Patch, attempted to free the "matted bowel," but were unable to do so, and performed multiple surgical procedures to repair and/or treat his perforated bowel, fistulae, and sepsis.

5. In light of the above facts, the Medical Defendants are not sham defendants and this case should be immediately remanded to state court.

6. On February 26, 2008, the First Amended Complaint was served upon C.R. Bard, Inc., and proof of such service was filed with the court on March 5, 2008. On February 26, 2008, the First Amended Complaint was served upon Davol, Inc., and proof of such service was filed with the court on March 5, 2008. On February 27, 2007, the First Amended Complaint was served upon Colleen L. Coleman, M.D., and proof of such service was filed with the court on March 5, 2008. On January 29, 2008, the Summons and Complaint was served upon Hoag Memorial Hospital Presbyterian, and proof of such service was filed with the Court on March 4, 2008.

7. On February 26, 2008, Davol, Bard Devices and C.R. Bard removed the case to this court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. The Motion for Remand is set for hearing on May 5, 2008.

8. On March 7, 2008, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order regarding this case.

9. Plaintiff filed a notice of opposition to the conditional transfer order on March 17, 2008. *See,* JPML's acceptance of Pls.' Notice of Opp'n to Condit'l Transfer Order, attached hereto as Exhibit C.

## QUESTION PRESENTED

10. The question presented is whether this court should remand the case back to California state court on the grounds that the removal is defective because (1) Healthcare defendants Coleman and Hoag are citizens of California, and therefore, are not diverse from Plaintiffs and are Forum Defendants, and (2) because they did not join in removing defendants notice of removal. Removing Defendants Davol, Bard Devices and C.R. Bard contend that consent to removal by Defendants Coleman and Hoag is not required and that the court should ignore their citizenship for diversity jurisdiction purposes because they were fraudulently joined and/or procedurally misjoined.

## LEGAL ANALYSIS

11. 28 U.S.C § 1447 (c) provides that, after removal, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded[,]" in addition, a party may seek costs and attorney fees incurred as a result of the removal.

12. The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). Therefore, on a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of the evidence. *Sanchez v.*

*Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

**I. Removal is Defective Because Defendants Coleman and Hoag are Non-Diverse, Forum Defendants**

13. A state court action may be removed to federal district court only if the case could have been filed originally in federal court. 28 U.S.C. Section 1441(a). Where removal is based on diversity of citizenship, 28 U.S.C. Section 1332 requires Complete diversity of citizenship. *Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).* Even if Complete diversity exists between all plaintiffs and all defendants, removal is not allowed where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. Section 1441(b). These requirements are known respectively as the "Complete Diversity Rule" and the "Forum Defendant Rule."

14. This action was brought by California citizens, in the Superior Court of California, County of Orange. As set forth in Removing Defendants' Notice of Removal and the exhibits attached thereto, it is undisputed that defendant Coleman is a resident of California and that Defendant Hoag has its principal places of business in the state of California. Therefore, removal of this matter from the Superior Court of California, County of Orange to the United Stated District Court in and for the Central District of California violates the Complete Diversity Rule and the Forum Defendant Rule.

**II. Removal is Defective Because Defendants Coleman and Hoag Do Not Consent to the Removal.**

15. 28 U.S.C. §1446(a) provides that "a defendant or defendants" may remove a case by filing the appropriate documents in the U.S. District Court. Case law interprets the phrase "defendant or defendants" to mean all defendants except for nominal, unknown, improperly served, or fraudulently joined parties. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). This is commonly known as the "unanimity requirement." Failure to satisfy the unanimity requirement may otherwise render the removal petition procedurally defective. *Id.* (citation omitted).

16. Defendants Coleman and Hoag did not consent to removal. *See,* Defs.' Notice of Removal. As such, Removing Defendants' Notice of Removal and resulting removal are procedurally defective, requiring remand of this case to state court.

## III. This Case Should be Remanded to State Court for Lack of Subject Matter Jurisdiction Because Defendants Davol, Bard Devices, and C.R. Bard Fail to Prove an Exception to the "Complete Diversity Rule" or the "Forum Defendant Rules."

17. To avoid violations of the "Complete Diversity" and "Forum Defendant" rules, Removing Defendants assert that the citizenship of Defendants Coleman and Hoag should be disregarded for diversity jurisdiction purposes because Plaintiffs fraudulently joined and procedurally misjoined them. Therefore, three issues must be addressed to determined whether this Court has subject matter jurisdiction over this matter: (1) whether Plaintiffs fraudulently joined Defendants Coleman and Hoag; (2) if not, is the Court willing to adopt defendants' procedural misjoinder theory, creating a new exception to the Complete Diversity and Forum Defendant Rules for defendants attempting to remove a case based upon diversity jurisdiction; and (3) if the Court accepts the theory of procedural misjoinder, were the non-diverse defendants procedurally misjoined? The answer to all three questions is no. Thus, the Court should remand the case to state court, as there is no basis for subject matter jurisdiction.

### A. Defendants Davol, Bard Devices and C.R. Bard Fail To Demonstrate That There Is No Possibility of Plaintiffs Establishing a Cause of Action Against Defendants Coleman and Hoag, as Such, Coleman and Hoag are Not Fraudulent Joined, and the Court Should Not Ignore their Citizenship for Purposes of Jurisdictional Analysis.

18. The Ninth Circuit allows a defendant to disregard presence of a non-diverse defendant for diversity jurisdiction purposes where the non-diverse defendant was "fraudulently joined." *See Morris v. Princess Cruises*, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[only] [i]f the

plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811F.2d 1336, 1339 (9th Cir. 1987). To show failure to state a cause of action, defendants must be able "to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute, 141 Supp. 2d at 1008 (quoting Dodson v. Spiliada Martime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)); Little v. Purdue Pharma, LP, 227 F. Supp. 2d 838, 849 (S.D. Ohio 2002)* ("a federal court should hesitate before pronouncing a state claim frivolous, unreasonable, and not even colorable in an area yet untouched by the state courts").

19. According to Removing Defendants, defendants Coleman and Hoag cannot be found liable for medical negligence, because: (1) Plaintiffs fail to state sufficient factual allegations that, if proven, would provide a basis for relief against Defendants Coleman and Hoag, and (2) Plaintiffs' failed to comply with California's pre-filing requirement for lawsuits involving health care providers and facilities. Removing Defendants' arguments ignore most of plaintiffs' allegations, and are unsupported by legal authority as well as disregard common and long-standing practice. Therefore, Removing Defendants have failed to carry their heavy burden of demonstrating that there is no possibility for Plaintiff to establish a cause of action in state court against defendants Coleman and Hoag, as such, the instant case should be remanded back to Newport Beach Superior Court.

1. Plaintiffs state facts sufficient to support a claim for medical negligence against defendants Coleman and Hoag, whom are necessary and indispensable parties.

20. "Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") requires only 'a

short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus* 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (internal quotations omitted)). Removing Defendants claim that Plaintiffs allege no facts to support their conclusory allegations of medical negligence. But Plaintiffs First Amended Complaint states sufficient facts to support every element of the alleged medical negligence, and therefore Rule 8(a)(2) is satisfied. *See Twombly*, 127 S.Ct. at 1965 (holding that complaint must state enough factual matter taken as true to suggest elements of claim are met).

21. "The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. [Citations.]" *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1077 (1992). Accordingly, Plaintiffs' First Amended Complaint alleges as follows:

| Element | Allegation |
|---|---|
| the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; | 7. Defendant, COLLEEN L. COLEMAN, M.D., is licensed to perform surgery, treatment and care and prescribe medications in the state of California. COLLEEN L. COLEMAN, M.D., performed the ventral incisional hernia repair surgery on October 29, 2003, in which a Kugel® Patch was implanted into Plaintiff LARRY PALMER.<br><br>8. Defendant, HOAG MEMORIAL HOSPITAL |

PRESBYTERIAN, is a licensed healthcare provider, licensed in the state of California to perform surgeries, administer care and treatment, and prepare, distribute, combine, formulate, and administer medications to Plaintiff, LARRY PALMER, by way of Healthcare procedure and prescription. Defendant, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, through its officers, directors, agents, servants, employees, and representatives performed the ventral incisional hernia repair surgery on October 29, 2003, in which a Kugel® Patch was implanted into Plaintiff LARRY PALMER.

199. Plaintiff LARRY PALMER engaged for compensation the services of Healthcare Defendants, COLLEEN L. COLEMAN, M.D., HOAG MEMORIAL HOSPITAL PRESBYTERIAN,
and DOES 151 through 300, inclusive, on dates including but not limited to, October 29, 2003 through October 31, 2003, to examine, diagnose, prescribe medicines for, perform surgery upon, treat, handle, control and provide competent Healthcare consultant advice for the care, treatment and diagnosis of a Healthcare condition involving his ventral hernia and to perform the necessary tests, therapy and surgery for the treatment of said condition, if same were required.

200. During October 2003, Healthcare Defendants

| | |
|---|---|
| | undertook to handle and control the Healthcare care and treatment of Plaintiff, LARRY PALMER, and to provide whatever Healthcare consultant advice was reasonably necessary for the treatment and surgery of plaintiff Mr. PALMER |
| a breach of that duty; | 201. . . . [Healthcare] Defendants on or about October 29, 2003 willfully, negligently, recklessly, and dangerously failed to possess, provide, and/or exercise that degree and standard of knowledge or skill that is required to be possessed and exercised by physicians and surgeons, hospitals, nurses, surgical technicians, attendants, Healthcare clinics, physician assistants, and other healthcare providers and healthcare professionals engaged in said professions in the same locality as Healthcare Defendants, in that said Defendants negligently, willfully, and unlawfully failed to properly and correctly diagnose, render care and treatment to, perform proper surgery upon, and prescribe and administer medications and treatment for the condition, and health and well being of Plaintiff, LARRY PALMER, on said date which proximately resulted in, but not limited to, major surgery to remove a defective and unreasonably dangerous Kugel® Patch, bowel injury, with resulting sever and permanent injury.<br><br>202. . . . [Healthcare] Defendants negligently, willfully, and unlawfully failed to notify Plaintiff LARRY |

| | |
|---|---|
| | PALMER that the Kugel Mesh they implanted into him had been recalled. Healthcare Defendants were notified on December 22, 2005 that the Kugel Patch implanted into Plaintiff LARRY PALMER on October 29, 2003 was being recalled. Healthcare Defendants were notified that the recall was a class 1 recall due to the potential for the memory recoil ring breaking causing serious injuries, as described in detail above. They were made further aware that unexplained persistent abdominal pain was a symptom of said product failure. Prior to December 22, 2005, Healthcare Defendants were aware that Plaintiff LARRY PALMER was suffering unexplained persistent abdominal pain, and that said pain was persistent and ongoing. Despite this knowledge, Healthcare Defendants did not advise Plaintiff that his Kugel Mesh was recalled or advise him to be examined for potential device failure. |
| a proximate causal connection between the negligent conduct and the resulting injury; | 41. Plaintiff is informed and believes, and thereupon alleges, that his injuries were a proximate result of . . . the negligent medical care he received from Defendants COLLEEN L. COLEMAN, M.D., HOAG MEMORIAL HOSPITAL PRESBYTERIAN, and DOES 151 through 300, inclusive, and each of them.<br><br>203. As a direct and proximate result of the acts and omissions of Healthcare Defendants Plaintiff, LARRY PALMER, has incurred medical expenses, both past, |

| | |
|---|---|
| | present and future, the exact value and amount of which is presently unknown, and plaintiff will ask leave of court to amend this complaint when the same is ascertained. Plaintiff also has suffered and will suffer in the future, loss of earnings and loss of earnings capacity.<br><br>204. As a further, direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff, LARRY PALMER, has suffered the injuries and damages set forth in this complaint |
| actual loss or damage resulting from the professional's negligence. | 40. Sometime after the 2003 hernia repair surgery, Plaintiff LARRY PALMER began experiencing severe abdominal pain, nausea, fever, and sepsis symptoms. His condition worsened progressively, and by September 13, 2006, hospitalization and surgery were necessary. The surgery was performed at Riverside Community Hospital in Riverside, California. Physicians performed an emergency exploratory laparotomy and found that, *inter alia*, the Kugel® Patch had become deformed, perforated LARRY PALMER'S bowel, and caused infection, intestinal fistulae, sepsis, dense scarring, and his bowel in this area to become "matted together". Physicians removed the infected Kugel® Patch, attempted to free the "matted bowel," but were unable to do so, and performed multiple surgical procedures to repair and/or treat his perforated bowel, fistulae, and sepsis. |

| | |
|---|---|
| | 41. Plaintiff is informed and believes, and thereupon alleges, that his injuries were a proximate result of . . . the negligent medical care he received from Defendants COLLEEN L. COLEMAN, M.D., HOAG MEMORIAL HOSPITAL PRESBYTERIAN, and DOES 151 through 300, inclusive, and each of them. |

22. Plaintiffs numerous and specific factual allegations clearly satisfy Rule 8(a)(2), especially when considered in the light of the strong presumption against removal, and the Supreme Court's acceptance of the less numerous and more generalized factual allegations in *Erickson* 127 S.Ct. 2197. In *Erickson*, a case decided after Twombly, the Supreme Court held that a section 1983 claim alleging deliberate indifference to serious medical needs in violation of the Eight Amendment was properly pled under Rule 8(a)(2) where:

> [t]he complaint stated that [the doctor's] decision to remove petitioner from his prescribed hepatitis C medication was 'endangering [his] life' " and that "this medication was withheld 'shortly after' petitioner had commenced a treatment program that would take one year, that he was 'still in need of treatment for this disease,' and that the prison officials were in the meantime refusing to provide treatment." *Id*. at 2200. (internal citations are to the complaint).

Plaintiffs in the present matter have even more fully supported each element of the medical negligence claim with factual allegations.[1]

---

[1] See Pls.' First Am. Compl. (alleging (1) Healthcare Defendants surgically implanted the Kugel Mesh (¶¶ 7-8); (2) Plaintiff Larry Palmer began experiencing abdominal pain and nausea prior to the recall (¶ 40); (3) Davol notified Healthcare Defendants on December 22, 2005, that the Kugel Patch inserted into Plaintiff was being recalled due to

2. <u>Non-compliance with §364 is not a basis for finding failure to state a cause of action</u>

23. Removing Defendants contend that Defendants Coleman and Hoag cannot be found liable for medical negligence, because Plaintiffs did not comply with the filing requirements under §364. Defendants fail to cite any authority supporting their position and in fact blatantly ignore the plain language of the statute and relevant case law.

24. The language of §364 and the cases interpreting this statute make clear that non-compliance with §364 ***shall not*** bar an action for medical negligence. *See*, Code of Civ. Proc., §364 ("Failure to comply with this [section] shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein."); *See also*, *Rosado v. Alameida* (2007) 497 F.Supp.2d 1179 (Holding that failure of family members of prisoner, who died of liver cirrhosis, to provide medical providers with 90 days prior notice of intention to commence medical malpractice action against them, as required by California law, did not bar family members' medical malpractice action.); *Toigo v. Hayashida*, 103 Cal.App.3d 267 (App. 3rd Dist., 1980) (Holding that plaintiff's failure in medical malpractice action, to give defendant doctor 90 days' notice prior to commencing the action afforded no basis for striking the complaint.). Therefore, whether or not Plaintiffs properly notified Healthcare Defendants of their intention to commence a medical negligence claim pursuant to §364 is irrelevant to the present matter, because such noncompliance may not serve as a basis for failure to state a cause of action.

---

a risk of the memory recoil ring breaking and potentially causing, *inter alia*, bowel perforation, and that abdominal pain and nausea was a sign of such product failure (¶ 202); (4) Plaintiff suffered, *inter alia*, a bowel perforation when the memory recoil ring broke and pierced his bowel (¶ 40); and (5) Healthcare defendants negligently performed the Kugel Patch surgical implantation, which proximately caused his injuries and/or negligently failed to warn Larry Palmer about the recall proximately causing his injuries (¶¶ 201-202)).

25. Defendants Coleman and Hoag are not fraudulently joined. Plaintiffs properly state a cause of action for professional negligence against these defendants. The allegations against them are valid and their existence in this lawsuit is necessary as they are indispensable parties, and must be considered in determining diversity. As Removing Defendants are unable to prove fraudulent joinder, they next ask this Court to Adopt a new doctrine excusing compliance with the Complete Diversity Forum Defendant Rules.

**B. Removing Defendants Ignore Case Law in Asking This Court to Adopt "Procedural Misjoinder;" an Unapproved Doctrine Creating an Additional Exception to the Complete Diversity and Forum Defendant Rules.**

26. Removing Defendants assert that the doctrine of "Procedural Misjoinder," as applied through Fed. R. Civ. Proc., Rules 20 and 21, permits the court to disregard non-diverse defendants for purposes of diversity jurisdiction where the *joinder is procedurally* inappropriate. Defs.' Notice of Removal ¶¶ 15-16. Under the doctrine of Procedural Misjoinder, as opposed to Fraudulent Joinder, defendants can ignore non-diverse defendants for diversity jurisdiction purposes even where plaintiffs have alleged a valid cause of action against them.

27. The doctrine of Procedural Misjoinder was first endorsed by the 11th circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds in , *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Unfortunately for Removing Defendants, however, the Fifth Circuit is the only other Circuit Court of Appeals to have adopted this doctrine. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006). More importantly, every United States District Court in California that has addressed the Procedural Misjoinder doctrine, including this District, ***has expressly rejected it***. *See Osborne v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1127 (E.D. Cal. 2004); *Aaron v. Merck & Co., Inc.*, No. CV 05-4073-JFW (MANx), 2005 WL 5792361 at *3 (C.D. Cal.); *HVAC Sales, Inc., v.*

*Zurich American Ins. Group*, No. C-04-03615 RMW, 2005 WL 2216950 at *4-5 (N.D. Cal.).

28. In *Tapscott*, the Eleventh Circuit held that *egregious misjoinder* of parties, as measured by standards under *Federal Rule of Civil Procedure* Rule 20, amounted to fraudulent joinder, permitting the court to disregard the citizenship of the non-diverse defendants in a removed action. *Tapscott*, 77 F.3d at 1359-60. In that case, two groups of plaintiffs joined two "classes" of defendants, whom plaintiffs sued on almost entirely separate legal grounds.[2] One defendant filed notice of removal based on diversity. *Id.*, at 1356. The Eleventh Circuit held that the factual commonality among the plaintiffs' claims against the different classes of defendants was not sufficient to satisfy *Federal Rules of Civil Procedure* Rule 20. The doctrine of Procedural Misjoinder, as created by removing defendants in this case, has been unsuccessfully asserted several times in Unites States District Courts of California.

29. In *Osborn*, 341 F.Supp.2d at 1126-1128, the United States District Court in and for the Eastern District of California expressly rejected the doctrine of Procedural Misjoinder. The *Osborn* decision has been followed in the Central District and the Northern District. *See*, *Aaron,* 2005 WL 5792361 at *3 (rejecting the procedural misjoinder theory and distinguishing *Tapscott* in that it involved two groups of plaintiffs suing separate groups of plaintiffs on separate legal grounds); *HVAC Sales, Inc.*, 2005 WL 2216950 at *6 (refusing to apply the Procedural Misjoinder doctrine).

---

[2] Appellant Gregory Tapscott, an Alabama resident, originally sued in state court against four defendants, one of which was an Alabama resident. On behalf of a putative class, Tapscott alleged multiple causes of action arising from the sale of "service contracts" on automobiles sold and financed in Alabama. Appellants' filed two amended complaints alleging identical claims, but adding multiple defendants and plaintiffs. Appellants' joinder of these co-defendants was accomplished exclusively through Rule 20. Fed.R.Civ.P. 20. Rule 20 is identical to Rule 20 of the Alabama Rules of Civil Procedure. Unlike the initial and first amended complaints, which alleged violations arising from sales of service contracts in connection with the sale of *automobiles,* the second amended complaint alleged causes of actions arising from the sale of "extended service contracts" in connection with the sale of *retail products. See Id.* at 1355.

30. In *Osborne*, two California residents sued a California insurance company ("First American"), and a non-California insurance company ("Met Life") in California State Court. After Met Life removed the action to federal court, plaintiffs filed a motion to remand. Met Life opposed the motion, citing *Tapscott* for the proposition that plaintiffs procedurally misjoined the two insurance companies to destroy diversity. The Court expressly rejected the procedural misjoinder doctrine and remanded the case to state court. *Osborn*, 341 F.Supp.2d at 1127. The Court reasoned that application of the procedural misjoinder doctrine was *unnecessary* and would add *substantial complexity* and *uncertainty* regarding removal decisions, and that "the last thing the federal courts need is more procedural complexity;" therefore, the court held that "*the better Rule [is to] require Met Life to resolve the claimed misjoinder in state court, and then, if that court severed the case and diversity then existed, it could seek removal of the cause to federal court*." *Id.* (emphasis added).

31. The Court notes that this approach does not unfairly prejudice a defendant's ability to later seek removal, if removal is proper:

> [t]he time limit for removal would not affect a defendant's ability to have the misjoinder issue resolved in state court first. 'Removal is not possible until the misjoined party that destroys removal jurisdiction is dropped from the action, the thirty-day time limit for removal (but not the overall one-year limit for diversity cases) would not begin to run until that had occurred and thus a requirement that misjoinder be addressed in the state court would not impair the ability of an individual to remove an action following the elimination of the improperly joined party." *Id.* at 1127 n. 10 (quoting Wright, Miller & Cooper, *Jurisdiction* 3d §3723 at 656).

The court concluded by stating:

> Because there appears to be no reason to develop a fraudulent misjoinder theory, and because of the uncertainty as to how such a theory should be applied, [the Court] respectfully decline[s] to apply it. This conclusion is supported by the well-recognized doctrine that a removing party bears a heavy burden of persuasion and that if there is any doubt as to whether removal was proper, remand is required. *Id.*

32. Removing Defendants make no argument as to why *Osborne* line of cases, should not be applied. In fact Removing Defendants make no mention whatsoever of the *Osborne* line of cases. Removing Defendants simply cite four cases in which courts may have adopted the Procedural Misjoinder doctrine. *See*, Defs.' Notice of Removal and Demand For Jury Trial ¶¶ 15-16 (citing to *Greene v. Wyeth*, F. Supp. 2d 674, 685 (D. Nev. 2004); *In re Guidant Defibrillators Product Liability Litigation*, Case No. 0:05-md-01708 (D. Minn. August 30, 2007; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001)). These cases are not controlling authority, nor even persuasive authority, and certainly offer no grounds for straying from the *Osborne* line of cases. Further, these cases all cite to *Tapscott* as authority for applying the Procedural Misjoinder doctrine and add nothing further to the argument than did *Tapscott.* Therefore, the rejection of the Procedural Misjoinder doctrine created in *Tapscott*; *See Osborn*, 341 F.Supp.2d at 1127; *Aaron*, 2005 WL 5792361 at *3; *HVAC Sales, Inc.*, 2005 WL 2216950 at *6 (N.D. Cal.); applies equally to Removing Defendants' cited authority.

33. Removing Defendants are not entitled to use the procedural misjoinder theory to disregard the California citizenship of the defendants Coleman and Hoag because: (1) the *Osborne* line of cases have expressly rejected this doctrine and ruled that any misjoinder claims should be handled by the state courts; *See*, *Osborne* at 341

F.Supp.2d at 1127; and (2) Removing Defendants failed to address, discuss, or distinguish the *Osborne* line of cases in any way whatsoever.

**C. Even if This Court Applies the Doctrine of Procedural Misjoinder, Remand is Still Required, as Plaintiffs Properly Joined Defendants Coleman and Hoag Under California Law.**

34. Even if this District Court accepts Removing Defendants' procedural misjoinder theory, the case must still be remanded to state court, as the Defendants Coleman and Hoag were properly joined. Therefore, the non-diverse citizenship of Medical Defendants may not be disregarded for purposes of diversity jurisdiction.

35. In determining whether joinder was proper, courts must apply state joinder law. *Osborne*, 341 F. Supp. 2d at 1128 (stating, "if fraudulent misjoinder theory were to be adopted, the applicable joinder standard should be derived from state law"); *See also, e.g., Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003); *In re Diet Drugs prods. Liab. Litig.*, 294 F. Supp. 2d 667, 673-74 (E.D. Pa. 2003); *Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d 691, 695-96 (N.D. Miss. 2004).

36. California joinder rules are to be construed liberally,[3] and there are situations where California joinder rules will allow for permissive joinder of defendants while the federal rules will not. For example, in federal practice, all claims joined must arise out of the same transaction, occurrence, or series of transactions or occurrences, "but under California Law, a common question of liability satisfies the party-joinder

---

[3] In 1927, the Legislature enacted *Code of Civil Procedure* § 379 (§379) with the goal of liberalizing procedures for permissive joinder of defendants. *Landau v. Salam*, 4 Cal.3d 901, 904 (1971). The section reads: (a) All persons may be joined in one action as defendants if there is asserted against them; (1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or (2) A claim, right, or interest adverse to them in the property or controversy which is the subject of the action. (b) It is not necessary that each defendant be interested as to every cause of action or as to all relief prayed for. Judgment may be given against one or more defendants according to their respective liabilities. (c) Where the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties.

rules." *Osborn*, 341 F.Supp.2d at 1128-29 (Citations omitted) (holding that injuries sustained by plaintiff need not arise from the same transaction to justify joinder because the single or cumulative injury is sufficient to fulfill the requisite factual nexus). Even assuming Plaintiffs' joinder of the California citizens Defendants Coleman and Hoag does not meet the requirement of C.C.P. §379(a) ("arising out of the same transaction or series of transactions"), which it did, remand is still required as the joinder was proper under C.C.P. §379(c) (common question of liability).

37. Plaintiffs properly joined all defendants under §379(a) in that they asserted claims against all Defendants arising from same transaction or occurrence or series of transactions or occurrences. As regards to Removing Defendants, Plaintiffs assert that Removing Defendants, *inter alia*, improperly designed, tested and manufactured the Kugel Patch, and failed to warn Plaintiff and/or his healthcare providers of the defective and unreasonably dangerous nature of the Kugel Patch. Pls.' First Am. Compl. ¶¶ 56-67. As regards to Defendants Coleman and Hoag, Plaintiffs allege, *inter alia*, that they, *inter alia*, negligently implanted the Kugel Patch during the October 29, 2003 surgery and failed to warn Plaintiffs of the recall." Pls.' First Am. Compl. ¶¶ 201-202.[4] The following common questions of law and fact will arise in this action: (1) notice of each defendant of the dangerousness of the Kugel Patch; (2) whether Removing Defendants adequately notified Plaintiffs and Defendants Coleman and Hoag of the danger created by the Kugel Patch; (3) whether Defendants Coleman and Hoag adequately notified Plaintiff of same; (4) Whether the Kugel Patch failed; (5) the cause of Plaintiff's injuries; (6) the extent of Plaintiff's injuries. Even if joinder was improper under § 379(a), Removing Defendants have no basis for claiming it was improper under § 379(c).

[4] It is entirely proper that Plaintiffs plead alternative, though inconsistent theories of relief. "A party may . . . state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds." F.R.C.P. 8(e)(2). The Ninth Circuit has held that "in light of the liberal pleading policy embodied in Rule 8(e)(2) . . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1992) (citations omitted.)

38. Where a Plaintiff alleges (1) an injury, (2) negligence, strict liability, etc., by successive tortfeasors, and (3) doubt as to which is liable; they are within the meaning of §379(c) and the reasoning of *Kraft*. *See Landu v. Salam*, 4 Cal. 3d 901, 906-07 (1971);[5]

39. Plaintiffs allege that Removing Defendants, *inter alia*, negligently designed manufactured and distributed the Kugel Patch, and negligently failed to warn of the known and reasonably knowable risk inherent in the use of this product, which they allege proximately resulted in severe abdominal pain, nausea, bowel injury, and major surgery. Pls.' First Am. Compla. ¶¶ 56-67. Plaintiffs also allege that Defendants Coleman and Hoag negligently implanted the Kugel Patch during the October 29, 2003 surgery and failed to warn Plaintiffs of the recall. Pls.' First Am. Compl. ¶¶ 201-202. Plaintiffs allege this negligence also proximately caused Plaintiff to suffer the same injuries mentioned above. First Am. Compla. For Damages ¶¶ 198-203. Therefore, Defendants were properly joined, as Plaintiffs allege (1) injury, (2) negligence by successive tortfeasors, and (3) that all tortfeasors proximately contributed to the injury and/or doubt as to which is liable.

40. Removing Defendants ignore controlling case law and offer four cases to support their argument that Plaintiffs improperly joined their claims against Removing Defendants and Healthcare Defendants. *See,* Defs.' Notice of Removal ¶¶ 15-19 (citing to *Greene v. Wyeth*, F. Supp. 2d 674, 685 (D. Nev. 2004); *In re Guidant Defibrillators Product Liability Litigation*, Case No. 0:05-md-01708 (D. Minn. August 30, 2007;

---

[5] The facts that defendants are not joint tortfeasors but independent wrongdoers, and that their negligence operated successively rather than concurrently in time to produce the injury, are not vetitive of the right of joinder. The salutary procedure afforded by sections 379a, 379b, and 379c of the Code of Civil Procedure is clearly intended to be available upon a showing *either* that the negligence of two or more persons, whether joint, independently concurrent, or successive, contributed proximately to cause the injury for which recovery is sought, *or* that the injury for which recovery is sought was proximately caused by the negligence of one or another or several of two or more persons and, as to each person who is not charged absolutely, that a reasonable uncertainty, requiring determination of some factual or legal issue, exists in respect to alternative or quantitative liability." *Kraft v. Smith* (1944) 24 Cal.2d 124, 130-131 (Italics in original.)

*Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001)). These cases may be distinguished from the current matter in that they all applied federal joinder rules or nearly identical state joinder rules, as opposed to the broader California permissive joinder statute. As demonstrated above, even if the claims involved in the present case did not arise out of the same transaction or occurrence, they did involve a common question of liability.

41. This Court lacks subject matter jurisdiction in this case and must remand this matter to state court for the following reasons: (1) defendants Coleman and Hoag are Forum Defendants and are not diverse from plaintiffs; (2) Removing Defendants fail to prove fraudulent joinder; (3) the United States Eastern District, Central District and Northern District of California have soundly rejected the theory of procedural misjoinder; and (4) even if the Court applies the procedural misjoinder theory, joinder is proper in this case under C.C.P. §379.

## IV. **This Case Should be Remanded to State Court Because Defendants Coleman and Hoag do not Consent to Removal and Defendants Davol, Bard Devices, and C.R. Bard Fail to Prove an Exception to the Unanimity Requirement**.

42. 28 U.S.C. §1446(a) provides that "all defendants in a state action must join in the petition for removal, except for nominal, unknown, [improperly served] or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citations omitted). This is commonly known as the "unanimity requirement." Failure to satisfy the unanimity requirement may otherwise render the removal petition procedurally defective. *Id.* (citation omitted).

43. Defendants Coleman and Hoag did not consent to removal. *See,* Defs.' Notice of Removal. But Removing Defendants contend that consent to removal by Defendants Coleman and Hoag is not required as they were both fraudulently joined and procedurally misjoined.

44. As discussed in section III of this motion, Removing Defendants have failed to carry heavy burden of proving fraudulent joinder or procedural misjoinder. Therefore, the notice of removal is procedurally defective and this case should be remanded to state court.

## V. Plaintiffs Are Entitled To Fees and Costs On Meritless Removal.

45. An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Such an award is within the discretion of the district court. *Moore v. Permanente Healthcare Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). Such an award need not be based on a finding of bad faith, but may be based simply on a meritless notice of removal. *Embarcadero Techs., Inc. v. TTI Team Telecom Techs., Inc.*, 2006 U.S. Dist. LEXIS 47072 (N.D. Cal. 2006). Where, as here, "it can be stated with relative ease that the Notice was patently improper considering the facts presented in the case, the presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand," Plaintiffs are entitled to recover costs, including fees, "as a matter of fairness." *Tran v. Waste Mgmt.*, 290 F. Supp. 2d 1286, 1296 (M.D. Fla. 2003); see also *Hodach v. Caremark Rx, Inc.*, 374 F. Supp. 2d 1222, 1226 (N.D. Ga. 2005).

46. Removing Defendants' efforts to remove this case were merely an attempt to delay the proceedings on this matter. Removal based on diversity requires Complete diversity of citizenship. Even if the Complete diversity requirement is met, removal is not allowed where one of the defendants is a "citizen of the State in which such action is brought." Plaintiffs, California residents, have named a California resident and a California entity with it principal places of business in California.

47. Removing Defendants fail to establish a single exception to the Complete Diversity Rule or the Forum Defendant Rule as recognized by the Ninth Circuit. Rather they ask this Court, in the face of very persuasive case law, to create a new exception known as Procedural Misjoinder. Even if the Court accepted Defendants' version of the

Procedural Misjoinder doctrine, it would not apply in this case, as joinder was clearly proper under California's permissive joinder statute. Lastly, the notice of removal was procedurally defective, as not all Defendants consented to removal. Thus removal was improper and Plaintiffs' should be awarded their costs, including attorney fees, incurred in seeking remand in response to Defendants' baseless removal.

48. Plaintiffs also submit the declaration of Christina Anne Fountain in support of Plaintiffs' request for an award of costs, including attorneys' fees, incurred by Plaintiffs, in the amount of $4,500.00, as a result of Defendants' improper meritless removal.

March 28, 2008

LOPEZ McHUGH LLP

By: ______________________

Ramon Rossi Lopez
Christina Anne Fountain
Troy Alexander Brenes
Attorneys for Plaintiff
LARRY PALMER and
LORETTA PALMER