IN THE UNITED STATES DISTRICT COURT

CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PALMER, an individual, and LORETTA PALMER, an individual, and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., a corporation, BARD ~~DEVICES, INC., a corporation, and~~ C.R. BARD, Inc., a corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | **Case No. SACV08-00220 AHS(RNBx)**<br><br>**JOINT SCHEDULING and PLANNING CONFERENCE REPORT** |

Pursuant to Federal *Rules of Civil Procedure* Rule 26(f), counsel met and conferred via telephone and email, and hereby submits the following report:

1. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys.**

a. The date and place at which the meeting was held.

The counsel identified below participated in the meeting required by *Federal Rules of Civil Procedure* Rule 26(f) on May 19, 2008 via telephone and email thereafter and prepared the following report.

b. Identification of Parties and their attorneys:[1]

Plaintiffs: LARRY PALMER and LORETTA PALMER

Attorney for Plaintiffs: Troy A. Brenes

Defendants: DAVOL, INC., BARD DEVICES, INC., and C.R. Bard, Inc.

Attorneys for Defendants: Dana Gausepohl attorney for Defendants

2. **Description of the Case.**

On October 29, 2003, Plaintiff LARRY PALMER underwent a ventral incisional hernia repair procedure at Defendant HOAG MEMORIAL HOSPITAL, during which a Bard® Composix® Kugel® Hernia Patch was surgically implanted into his abdomen by Defendants COLLEEN L. COLEMAN, M.D., and HOAG MEMORIAL HOSPITAL PRESBYTERIAN.

Defendants, DAVOL, BARD DEVICES, C.R. BARD, and DOES 1 through 150, inclusive, through their officers, directors, agents, servants, employees, representatives, and/or parent or subsidiary corporations, designed, manufactured, tested, labeled, marketed, sold, distributed, and placed into the stream of commerce the above-mentioned Kugel Patch. The purpose of the Kugel Patch was to be used to be used by

---

[1] Nancy McCoy attorney for Defendant Colleen Coleman, M.D. and Larry Pleiss attorney for Hoag Memorial Presbyterian Hospital were available to participate in the meeting, however, all parties agreed this was not appropriate as said Defendants have not yet appeared in the matter.

surgeons for hernia repair surgeries and was further represented by same to be an appropriate, safe, suitable product for such purposes.

On December 22, 2005, The U.S. Food and Drug Administration issued a class 1 recall for the Kugel Patch implanted into Plaintiff LARRY PALMER. Plaintiff was not informed of the recall until sometime in 2007. On or about September 13, 2006, Plaintiff LARRY PALMER rushed to Riverside Community Hospital in Riverside, California, due to high fever, severe vomiting, nausea and sepsis symptoms. Physicians performed an emergency exploratory laparotomy and found that the Kugel Patch had become deformed, perforated Plaintiff's bowel, and caused infection, intestinal fistulae, sepsis, dense scarring, and his bowel in this area to become "matted together". Physicians removed the infected Kugel Patch, attempted to free the "matted bowel," but were unable to do so, and performed multiple surgical procedures to repair and/or treat his perforated bowel, fistulae, and sepsis.

Plaintiffs allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, knew, or in the exercise of reasonable care should have known, prior to the recalls of the Kugel Patch and prior to its implantation into Plaintiff, that the aforesaid products were of such a nature that they were not properly designed, manufactured, tested, labeled, marketed, sold, distributed, monitored, provided with proper warnings, were not suitable for the purpose they were intended, and were defective and unreasonably dangerous.

Plaintiffs allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, did not timely apprise Plaintiffs, the healthcare industry, or other American consumers of the defective and unreasonably dangerous condition of the Kugel Patch, despite Defendant's knowledge of said condition.

Plaintiffs allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, became aware and obtained knowledge that said product was defective and causing serious injury to those persons in whom it had been implanted. Said Defendants knowingly, willfully, and intentionally concealed and/or misrepresented their knowledge

of the defective and unreasonably dangerous condition of the Kugel Patch from Plaintiff, the healthcare industry, and other American consumers.

Plaintiffs therefore allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, are proximately liable for Plaintiffs' injuries under theories of negligence, strict products liability, fraud and deceit, and that they violated consumer protection laws.

In the alternative, Plaintiffs also allege that Defendants Dr. COLEMAN and HOAG MEMORIAL PRESBYTERIAN HOSPITAL, through its agents and employees, were medically negligent for improperly implanting the Kugel Patch and failing to timely warn Plaintiffs of the recall.

**3. Complex Cases.**

This is a complex case and the Manual for Complex litigation should be applied.

**4. Motion Schedule.**

There are two motions currently pending that relate to this matter. Plaintiffs filed a motion for remand on March 28, 2008. That motion is scheduled to be heard before this court on July 7, 2008. Plaintiffs have also filed a motion to vacate the conditional transfer order issued by the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferring this matter to the In re Kugel Mesh Hernia Patch multidistrict litigation proceedings. The JPML is scheduled to decide the motion to vacate on May 29, 2008.

**4. Pre-Discovery Disclosures.**

Counsel for LARRY PALMER AND LORETTA PALMER and Counsel for DAVOL, INC., BARD DEVICES, INC., and C.R. BARD, INC. have agreed to exchange Rule 26(a)(1) disclosures by May 27, 2008.

**5. Preserving Discoverable Information.**

Defendants shall take all necessary steps to preserve all documents related to the Kugel Patch. The parties shall meet and confer on more specific provisions of a Preservation Order or shall file the appropriate motions.

**6. Settlement.**

The parties feel it is too early in this litigation to reasonably discuss settlement options.

**7. Trial Estimate.**

Counsel will further discuss the issues involved in this matter, but would estimate that 10-14 trial days will be necessary to sufficiently try this matter.

**8. Additional Parties.**

Plaintiffs may name DOE Defendants as they become aware of additional parties that were involved in the series of transactions or occurrences that resulted in plaintiff's injuries.

**9. Expert Witnesses.**

Counsel need to further discuss when such disclosures will occur.

**10. Discovery Plan.**

a. Date by which the initial Rule 26(a)(1) Disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed).

Rule 26(a)(1) disclosures will be completed by May 27, 2008.

b. When discovery should be completed. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues.

Plaintiffs and Defendants have not set a date for when discovery should be completed, as both parties believe it likely that this matter will either be remanded to the state court or transferred to the MDL proceedings in Rhode Island.

Standard discovery rules should apply. No phasing of discovery is necessary.

c. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B).

Plaintiffs and Defendants have not set a date for disclosure of expert witnesses, as both parties believe it likely that this matter will either be remanded to the state court or transferred to the MDL proceedings in Rhode Island.

Discovery Limitations.

None at this time.

11. **Notes**: Although the above issues were discussed between counsel for the purpose of filing, Defense counsel did not have the opportunity to review the final report prior to filing, due to time conflicts.

Dated: May 19, 2008

By: ______________________

Troy A. Brenes, Esq.
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
tbrenes@lopezmchugh.com
Attorneys for Plaintiffs,
LARRY PALMER & LORETTA PALMER

Dana Gausepohl, Esq.
SPRIGGS and HOLLINGSWORTH
1350 I St. N.W.
Washington, D.C. 20005
Attorneys for Defendants DAVOL INC., BARD DEVICES INC., and C.R. BARD, INC.