IN THE UNITED STATES DISTRICT COURT

CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| LARRY PALMER, an individual, and LORETTA PALMER, an individual, and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL, INC., a corporation, BARD DEVICES, INC., a corporation, and C.R. BARD, Inc., a corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | **Case No. SACV08-00220 AHS(RNBx)**<br><br>**AMENDED JOINT SCHEDULING and PLANNING CONFERENCE REPORT** |

Pursuant to Federal *Rules of Civil Procedure* Rule 26(f), counsel met and conferred via telephone and email, and hereby submits the following report:

**1. Date and Place of the Meeting; Identification of the Parties and Their Attorneys.**

a. The date and place at which the meeting was held.

The counsel identified below participated in the meeting required by *Federal Rules of Civil Procedure* Rule 26(f) on May 19, 2008 via telephone and email thereafter and prepared the following report.

b. Identification of Parties and their attorneys:[1]

Plaintiffs: LARRY PALMER and LORETTA PALMER

Attorney for Plaintiffs: Troy A. Brenes

Defendants: DAVOL, INC., BARD DEVICES, INC., and C.R. Bard, Inc.

Attorneys for Defendants: Dana Gausepohl

**2. Description of the Case.**

a. Plaintiffs' Narrative

This case involves an action for damages suffered by Plaintiffs as a direct and proximate result of (1) Defendants DAVOL, INC. ("DAVOL"), BARD DEVICES, INC. ("BARD DEVICES"), and C.R. BARD, INC.'S (C.R. BARD) negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, labeling, promoting, marketing, distribution and sale of the defective and unreasonably dangerous product known as the Bard® Composix® Kugel® Hernia Patch ("Kugel Patch"), or (2) Defendants COLLEEN L. COLEMAN, M.D. and HOAG MEMORIAL HOSPITAL PRESBYTERIAN'S medical negligence in, *inter alia*, failing to properly implant the Kugel Patch and/or failing to timely notify Plaintiffs of the recall.

---

[1] Nancy McCoy attorney for Defendant Colleen Coleman, M.D. and Larry Pleiss attorney for Hoag Memorial Presbyterian Hospital were available to participate in the meeting, however, all parties agreed this was not appropriate as said Defendants have not yet appeared in the matter.

The Kugel Patch is a prosthetic device used primarily to repair ventral and inguinal hernias. The Patch is composed of two sides. One side is constructed of a double layer of monofilament polypropylene ("PPM"). This material has a very high tissue ingrowth factor, which essentially makes it like an adhesive. This double layer creates a positioning pocket, in which a polymer "memory recoil ring" is placed. On the other side is a barrier of expanded polytetrafluoroethylene ("ePTFE"). This material has a very low tissue ingrowth factor and is designed to shield the soft tissue of the bowels and other organs from the adhesive PPM side of the patch. The memory recoil ring is placed in a positioning pocket created by the double layer of PPM. The purpose of the memory recoil ring is to allow the Kugel Patch to swing open and maintain its shape during placement and to maintain the integrity of the shape of the Kugel Patch and prevent the PPM side the Kugel Patch from coming into contact with sensitive organs and intestines.

On October 29, 2003, Plaintiff LARRY PALMER underwent a ventral incisional hernia repair procedure at Defendant HOAG MEMORIAL HOSPITAL, during which a Kugel Patch was surgically implanted into his abdomen by Defendants COLLEEN L. COLEMAN, M.D., and the agents and employees of HOAG MEMORIAL HOSPITAL PRESBYTERIAN.

Defendants, DAVOL, BARD DEVICES, C.R. BARD through their officers, directors, agents, servants, employees, representatives, and/or parent or subsidiary corporations, designed, manufactured, tested, labeled, marketed, promoted, sold, distributed, and placed into the stream of commerce the above-mentioned Kugel Patch. The purpose of the Kugel Patch was to be used by surgeons for hernia repair surgeries.

On December 22, 2005, Defendant DAVOL, BARD DEVICES, AND C.R. BARD issued a recall for the Kugel Patch implanted into Plaintiff LARRY PALMER. The U.S. Food and Drug Administration ("FDA") later classified this as a Class 1 recall. Class 1 recalls are the most serious type of recalls and involve situations in which the FDA believes there is a reasonable probability that use of the product will cause serious

injury or death. Defendants DAVOL, BARD DEVICES, AND C.R. BARD expanded the recall to include further production lots and sizes of the Kugel Patch on March 24, 2006 and again on January 10, 2007.

The FDA stated the basis for the recall as follows:

> The "memory recoil ring" that opens the Bard® Composix® Kugel® Mesh Patch can break under the stress of placement of the large sized products in the intra-abdominal (inside the belly area) space. This can lead to bowel perforations (rupture) and/or chronic (recurring) intestinal fistulae (abnormal connections or passageways between the intestines and other organs).

On or about January 2006, the FDA inspected a Kugel Patch manufacturing facility owned and operated by Defendants DAVOL, BARD DEVICES and C.R. BARD. This inspection resulted in the FDA issuing an Establishment Inspection Report ("EIR") in 2006. The EIR, determined, among other things, that said Defendants:

a. had excluded memory recoil ring failure events from their complication database, reports, and recall notices, which should have been included;

b. misidentified numerous Kugel Patch complication events;

c. failed to apply product quality hold and release procedures on a timely basis;

d. failed to properly follow procedures for conducting design validation review;

e. failed to identify all actions necessary to correct and prevent recurrence of further ring break and Kugel Patch complications; specifically, Defendant failed to provide justification for including only Extra Large Kugel Patch sizes in the December 2005 recall;

f. failed to provide all reasonably known information regarding numerous Kugel Patch complaints, specifically noting that company

officials had "understated" in several reports to the FDA the potential severity of device-related injuries, including three reports involving injuries and one report involving a possible device-related death;

g. failed to perform strength testing on memory recoil rings for all sizes of Kugel Patches before putting them into the stream of commerce;

h. failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for memory recoil ring failures and Kugel Patch complaints resulting in numerous inconsistencies and errors in the raw data, actual complaints, and electronic databases.

The FDA inspected the same facility again from January 23 through March 13, 2007. On April 24, 2007, the FDA issued a "Warning Letter" to Defendants DAVOL, BARD DEVICES and C.R. BARD, notifying them that the inspection had ***again*** uncovered "serious violations of the law" in regards to the quality assurance program used in manufacture of Kugel Patches. These violations were of such a degree and nature that the FDA determined the Kugel Patches to be "adulterated" under section 501(h) of the *Federal Food, Drug and Cosmetic Act*. The warning letter specifically mentions, *inter alia*, the following violations:

a. Failure to establish and maintain adequate corrective and preventative action procedures which ensure identification of actions needed to correct and prevent the recurrence of nonconforming product and other quality problems;

b. Failure to establish adequate management controls to ensure that an effective quality system has been established and maintained;

c. Failure to document the implementation of corrective and preventative actions;

d. Failure to validate your device's design to ensure that the device conforms to defined user needs and intended uses;

e. Failure of your firm to establish procedures to completely address the identification, documentation, evaluation, segregation, disposition and investigation of non-conforming product.

The Letter notes that as an example of the enumerated violation (e), Defendants' "quality system failures" resulted in the delayed recall of the defective Kugel Patches.

Plaintiff was not informed of the recall until sometime in late 2007. On or about September 13, 2006, Plaintiff LARRY PALMER rushed to Riverside Community Hospital in Riverside, California, due to high fever, severe vomiting, nausea and sepsis symptoms. Physicians performed an emergency exploratory laparotomy and found that the Kugel Patch had become deformed, perforated Plaintiff's bowel, and caused infection, intestinal fistulae, sepsis, dense scarring, and his bowel in this area to become "matted together." Physicians removed the infected Kugel Patch, attempted to free the "matted bowel," but were unable to do so, and performed multiple surgical procedures to repair and/or treat his perforated bowel, fistulae, and sepsis.

Plaintiffs allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, knew, or in the exercise of reasonable care should have known, prior to the recalls of the Kugel Patch and prior to its implantation into Plaintiff, that the aforesaid products were of such a nature that they were not properly designed, manufactured, tested, labeled, marketed, sold, distributed, monitored, provided with proper warnings, were not suitable for the purpose they were intended, and were defective and unreasonably dangerous.

Plaintiffs allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, did not timely apprise Plaintiffs, the healthcare industry, or other American consumers of the defective and unreasonably dangerous condition of the Kugel Patch, despite Defendant's knowledge of said condition.

Plaintiffs allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, became aware and obtained knowledge that said product was defective and causing serious injury to those persons in whom it had been implanted. Said Defendants knowingly, willfully, and intentionally concealed and/or misrepresented their knowledge

of the defective and unreasonably dangerous condition of the Kugel Patch from Plaintiff, the healthcare industry, and other American consumers.

Plaintiffs therefore allege that Defendants, DAVOL, BARD DEVICES, and C.R. BARD, are proximately liable for Plaintiffs' injuries under theories of negligence, strict products liability, fraud and deceit, and that they violated consumer protection laws.

Plaintiffs also allege that Defendants Dr. COLEMAN and HOAG MEMORIAL PRESBYTERIAN HOSPITAL, through its agents and employees, were also proximately liable for Plaintiffs' injuries as they improperly implanted the Kugel Patch and failed to timely warn Plaintiffs of the recall.

a. Defendants' Narrative

C.R. Bard, Inc., Davol Inc., and Bard Devices, Inc. ("Davol") adopt and incorporate their responses and defenses contained in their Answer and Affirmative Defenses to the allegations contained in plaintiffs' narrative in this report. The Composix® Kugel® Hernia Patch has been approved by the federal Food and Drug Administration in the surgical treatment of soft tissue defects such as ventral hernias when used by prescribing physicians in accordance with its accompanying labeling information. The Composix® Kugel® Hernia Patch is a self-expanding, nonabsorbable, sterile prosthesis containing two layers of monofilament polypropylene with a ePTFE monofilament layer and an extruded monofilament PET polymer ring. The polypropylene monofilaments allows a prompt fibroblastic response through the interstices of the mesh. The monofilament ring facilitates placement of the patch. The ePTFE layer has a sub-micronal porosity, which minimizes tissue ingrowth.

Davol further states that at this early stage in the case, prior to formal discovery and with little information concerning the alleged factual basis for plaintiffs' claims, Davol is not required to enumerate every issue relevant to its defenses. Davol therefore reserves its right to fully address these allegations at the appropriate time. However, it appears from the information currently known to Davol that the plaintiff did not

experience a memory recoil ring break, and that information relating to other alleged breaks and to the recall of certain Composix Kugel patches is irrelevant to plaintiffs' claims and Davol's defenses.

3. **Complex Cases.**

This is a complex case and the Manual for Complex litigation should be applied.

4. **Motion Schedule.**

There are two motions currently pending that relate to this matter. Plaintiffs filed a motion for remand on March 28, 2008. That motion is scheduled to be heard before this court on July 7, 2008. Plaintiffs have also filed a motion to vacate the conditional transfer order issued by the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferring this matter to the In re Kugel Mesh Hernia Patch multidistrict litigation proceedings. The JPML is scheduled to decide the motion to vacate on May 29, 2008.

4. **Pre-Discovery Disclosures.**

Counsel for LARRY PALMER AND LORETTA PALMER and Counsel for DAVOL, INC., BARD DEVICES, INC., and C.R. BARD, INC. have agreed to exchange Rule 26(a)(1) disclosures by May 27, 2008.

5. **Settlement.**

The parties feel it is too early in this litigation to reasonably discuss settlement options.

6. **Trial Estimate.**

Counsel will further discuss the issues involved in this matter, but would estimate that 10-14 trial days will be necessary to sufficiently try this matter.

/ / /

/ / /

/ / /

7. **Additional Parties.**

Plaintiffs may name DOE Defendants as they become aware of additional parties that were involved in the series of transactions or occurrences that resulted in plaintiff's injuries.

8. **Expert Witnesses.**

Counsel need to further discuss when such disclosures will occur.

9. **Discovery Plan.**

a. Date by which the initial Rule 26(a)(1) Disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed).

Rule 26(a)(1) disclosures will be completed by May 27, 2008.

b. When discovery should be completed. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues.

Plaintiffs and Defendants have not set a date for when discovery should be completed nor has the issue of how discovery shall proceed, beyond complex designation, been resolved as both parties believe this matter will either be remanded to state court or transferred pursuant to 28 U.S.C. Section 1407 to the District of Rhode Island for pretrial management.

c. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B).

Plaintiffs and Defendants have not set a date for disclosure of expert witnesses, as both parties believe this matter will either be remanded to state court or transferred pursuant to 28 U.S.C. Section 1407 to the District of Rhode Island for pretrial management.

Discovery Limitations.

None at this time.

Dated: May 21, 2008

By: [signature]

Troy A. Brenes, Esq.
Lopez McHugh LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA 92660
tbrenes@lopezmchugh.com
Attorneys for Plaintiffs,
LARRY PALMER & LORETTA PALMER

Dana Gausepohl, Esq.
SPRIGGS and HOLLINGSWORTH
1350 I St. N.W.
Washington, D.C. 20005
Attorneys for Defendants DAVOL INC., BARD DEVICES INC., and C.R. BARD, INC.