HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
E-mail: tmf@hassard.com

HASSARD BONNINGTON LLP
GREGORY KIM, ESQ., State Bar No. 187007
444 South Flower Street, Suite 1700
Los Angeles, CA 90071-2901
Telephone: (213) 683-0800
Fax: (213) 683-0801
E-mail: gxk@hassard.com

Kirby T. Griffis *(pro hac vice)*
Email: kgriffis@spriggs.com
Dana A. Gausepohl *(pro hac vice)*
Email: dgausepohl@spriggs.com
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
Washington, D.C. 20005
Telephone: (202) 898-5800
Fax: (202) 682-1639

Attorneys for Defendants
DAVOL INC., BARD DEVICES, INC., AND C.R. BARD, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

LARRY PALMER, an individual, and LORETTA PALMER, an individual and as husband and wife,

Plaintiffs,

vs.

DAVOL INC., a Corporation, BARD DEVICES, INC., a Corporation, and C.R. BARD, INC., a Corporation, COLLEEN L. COLEMAN, M.D., an individual, HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a corporation, and DOES 1 through 300, inclusive,

Defendants.

No. SACV08-220 AHS (RNBx)

**DEFENDANT C.R. BARD, INC.'S DEFENDANT BARD DEVICES, INC.'S AND DEFENDANT DAVOL INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO REMAND**

DATE: July 7, 2008
TIME: 10:00 A.M.
COURTROOM: 10A

Defendant C.R. Bard, Inc., Defendant Bard Devices, Inc., and Defendant Davol Inc. (collectively "Davol") file this Notice Of Supplemental Authority In Support Of Opposition To Motion To Remand, and in support thereof state as follows[1].

## I. ARGUMENT AND AUTHORITIES

Plaintiffs Larry and Loretta Palmer have filed a motion to remand this case to state court. In opposition to this motion, Davol has argued that the medical malpractice claims brought by Plaintiff against non-diverse "Healthcare Defendants" are procedurally *mis*joined with the product liability claims stated against Davol. As a result, this Court can and should sever (and remand) the misjoined claims against the non-diverse Healthcare Defendants in order to perfect federal diversity jurisdiction over the product liability claims brought against Davol.

On May 28, 2008, the United States District Court for the Eastern District of California (J. Wanger) applied the very same misjoinder analysis urged here to deny a motion to remand filed in a near identical Composix® Kugel® case involving the same plaintiffs' counsel who made the exact same arguments there as Plaintiffs do here. *See generally* Mem. Decision, *Sutton, et al. v. Davol Inc., et al.*, No. CV-F-08-280 OWW/GSA (E.D. Cal. May 28, 2008) (attached as Ex. A hereto). In so doing, the Court found those arguments unpersuasive and held Defendants' misjoinder argument was "compelling, especially in the context of MultiDistrict Litigation." *Id*. at 7-8.

---

[1] On April 28, 2008, after Davol's opposition papers had been filed, the Court continued the hearing on this motion to July 7, 2008. Pursuant to LR 7-11, a continuance automatically extended the time for filing and serving opposition and reply papers.

Davol submits that the result reached by the District Court in *Sutton* is additional, persuasive authority in support of Davol's previously-filed Opposition to Motion to Remand.

## II. CONCLUSION

Wherefore, for the foregoing reasons, Defendant C.R. Bard, Inc., Defendant Bard Devices, Inc., and Defendant Davol Inc. respectfully request that the Court consider this supplemental authority in support of Defendants' previously-filed Opposition to Motion to Remand, and Defendants also request that the Court deny Plaintiffs' motion to remand.

Dated: June 3, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder________
Thomas M. Frieder
Attorneys for defendant DAVOL INC., defendant BARD DEVICES, INC., and defendant C.R. BARD, INC.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SUTTON, et al., Plaintiffs, vs. DAVOL, INC., et al., Defendants. | No. CV-F-08-280 OWW/GSA<br><br>MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND AND SEVERING AND REMANDING CLAIMS AGAINST DEFENDANTS JONATHAN SALES, M.D., BAKERSFIELD MEMORIAL HOSPITAL AND CATHOLIC HEALTHCARE WEST TO KERN COUNTY SUPERIOR COURT (Doc. 11) |

Plaintiffs Brian Sutton and Deborah Sutton filed a Complaint for Damages in the Superior Court of California, County of Kern. The Complaint alleges fourteen causes of action for personal injuries Brian Sutton suffered as a result of being implanted with the Kugel® Patch (hereafter the "Patch"). Plaintiffs allege that the Patch "is and was designed, compounded, manufactured, tested for safety, marketed, advertised, distributed, labeled, sold, recommended and implanted by Defendants."

Plaintiffs allege that they are citizens and residents of Bakersfield, California. The Complaint alleges that Defendants Davol Inc., Bard Devices, Inc. and C.R. Bard, Inc., are citizens of Delaware (the Diverse Defendants) and that Defendants Jonathan Sales, M.D., Bakersfield Memorial Hospital, and Catholic Healthcare West are citizens of California (the California Defendants).

The Complaint alleges that the Diverse Defendants developed and manufactured the Patch; that the Diverse Defendants were required to conduct post market surveys of the device validation process; that, in January 2006, the FDA issued a 2006 EIR finding that the post market survey validation process was incomplete and deliberately failed to include all data from physicians which demonstrated unfavorable or dissatisfied results; that the Diverse Defendants failed to cease distribution or notify American consumers of the severity of complications associated with the Patch until December of 2005; that Diverse Defendants continued to manufacture and distribute other versions of the Patch; that the FDA conducted investigations of these versions of the Patch and determined that Diverse Defendants had failed to take actions to correct problems or misidentified or excluded problems concerning the Patch; and that Diverse Defendants expanded the recall in 2006 to include these other versions of the Patch. The Complaint alleges that the first recall of the Patch occurred on December 22, 2005. On February 22, 2006, Defendant Sales surgically implanted Brian Sutton with the Patch

on February 22, 2006 at Bakersfield Memorial Hospital. On March 26, 2007, the California Defendants sent Plaintiffs a letter admitting that these defendants implanted Plaintiff with the Patch after it had been recalled by the FDA and after they had received notice of the product recall, necessitating a second surgery.

On February 26, 2008, Defendants Davol Inc., Bard Devices Inc., and C.R. Bard, Inc. removed Plaintiffs' Complaint to this Court on the basis of diversity of citizenship "between Plaintiffs and Davol and Bard, the only properly joined defendants." The California Defendants did not consent to the removal.

A Multidistrict case is pending in the District of Rhode Island against the the removing Defendants, MDL Docket No. 1842 - *In re: Kegal Mesh Hernia Patch Product Liability Litigation*.

Plaintiffs move to remand this action to the Kern County Superior Court.

For the reasons stated in this Memorandum Decision, Plaintiffs' claims against the California Defendants are severed and remanded to the Kern County Superior Court; the motion to remand is denied as to removing Defendants.

A. <u>MISJOINDER</u>.

Plaintiffs seek remand on the ground that the California Defendants have not been misjoined in this action and have not

Case 1:08-cv-00280-OWW-GSA Document 31 Filed 05/28/2008 Page 4 of 14

consented to the removal.[1]

28 U.S.C. § 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The Ninth Circuit recognizes one exception to he requirement of complete diversity - where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001):

> Fraudulent joinder, we have noted, 'is a term of art.' *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' ....

*Id.* The removing defendant bears the burden of proving that removal is appropriate and is entitled to present facts that the joinder is fraudulent. *McCabe v. General Foods Corp., id.* at 1339.

Defendants do not contend that Plaintiffs fail to state a cause of action against the California Defendants. Rather, Defendants rely on a line of authority commencing with *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d

---

[1]There is no issue concerning the amount in controversy.

1069 (11th Cir.2000).

In *Tapscott*, a putative class action was removed. Numerous classes of defendants were joined under Fed. R. Civ. Proc. Rule 20. The *Tapscott* court held that the factual commonality among the plaintiffs' claims against the different classes of defendants was not sufficient to satisfy Rule 20:

> The joinder of defendants in this action has been accomplished solely through Rule 20. The district court, finding no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy, held there was an 'improper and fraudulent joinder, bordering on a sham.' The court rejected Appellant's argument that 'a mere allegation of a common business practice subjects all defendants to joinder.' ... Disregarding the citizenship of the improperly joined parties, the district court asserted jurisdiction and severed and remanded the remainder of the action to state court.
>
> It is important to note that Appellants have not contended that Lowe's was properly joined with any other non-diverse defendants. Rather, they contend that while a court may disregard the citizenship of fraudulently joined parties, a misjoinder, no matter how egregious, is not fraudulent joinder. We disagree.
>
> Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction or occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. Fed. R. Civ. P. 20(a). The district court correctly found no allegation of joint liability or any allegation of conspiracy. Further, the alleged transactions involved in the 'automobile' class are wholly distinct from the alleged transactions involved in the 'merchant' class. The only similarity between the allegations in the 'automobile'

> class and the 'merchant' class are allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20. Such commonality on its face is insufficient for joinder.
>
> Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action. A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' *Wilson v. Republic Iron & Sheet Co.*, 257 U.S. 92, 97 ... (1921). Although certain putative class representatives may have colorable claims against resident defendants in the putative 'automobile' class, these resident defendants have no real connection with the controversy involving Appellant Davis and West and Appellee Lowe's in the putative 'merchant' class action. We hold that the district court did not err in finding an attempt to defeat diversity jurisdiction by fraudulent joinder. We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.

77 F.3d at 1360. The only other Circuit to adopt the *Tapscott* fraudulent misjoinder exception to the requirement of complete diversity of citizenship is the Fifth Circuit in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir.2002). The Ninth Circuit has not addressed this issue.

The District Courts, including those in the Ninth Circuit, are split concerning the applicability of the *Tapscott* fraudulent misjoinder exception and the basis upon which it is applied. District Court cases in the Ninth Circuit have also split. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2007 WL 2572048 (D.Minn.2007); *Greene v. Wyeth*, 344

F.Supp.2d 674, 684-685 (D.Nev.2004); *In re Rezulin Products Liability Litigation*, 168 F.Supp.2d 136, 148 (S.D.N.Y.2001); *compare Snyder v. Davol, Inc.*, 2008 WL 113902 (D.Or.2008); *Osborn v. Metropolitan Life Ins. Co.*, 341 F.Supp.2d 1123, 1127-1128 (E.D.Cal.2004); *Brazina v. Paul Revere Life Ins. Co.*, 271 F.Supp.2d 1163, 1172 (N.D.Cal.2003)

Defendants, relying on *Greene*, *Crockett*, and other District Court decisions from other circuits applying *Tapscott*, argue that the California Defendants have been "fraudulently misjoined", thereby making removal of this action appropriate:

> [T]he allegations included in the Complaint against Bard and Davol are legally and factually distinct from the allegations against the Healthcare Defendants. The claims against Davol and Bard involve product-liability-related legal theories whereas the claims asserted by Plaintiffs against the Healthcare Defendants, on the other hand, involve a medical negligence claim ... The essence of the claims against Davol and Bard arise from the design, testing and manufacture of the Composix® Kugel® Patch before it was implanted in Mr. Sutton. In contrast, the basis for the claims against the Healthcare Defendants arise from their negligent or fraudulent failure as health care providers to properly comply with the voluntary product recall notices provided to them, resulting in a recalled product being implanted into Mr. Sutton. The evidence on the claims against Bard and Davol and the Healthcare Defendants will be separate - manufacture-specific evidence involving the design, testing, and manufacture of the Patch on one hand and health care provider-specific evidence regarding Plaintiffs' treatment and health care providers' response to recall warnings on the other.

Defendants' legal and factual position is compelling,

especially in the context of MultiDistrict Litigation.

Plaintiffs alternatively argue that the joinder of the claims and parties in the Complaint was proper under California law, thereby negating the *Tapscott* exception.

Although a threshold issue is whether California's joinder rules or Rules 20-21, Federal Rules of Civil Procedure, apply to make this determination, California Code of Civil Procedure § 379(a)(1) and Rule 20(a)(1) are virtually identical. Section 379(a)(1) provides:

> All persons may be joined in one action as defendants if there is asserted against them:
>
> (1) Any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action ....

Rule 20(a)(1), Federal Rules of Civil Procedure, provides:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Because of the similarity between Section 379(a)(1) and Rule 20(a)(1), it is unnecessary to resolve whether the state procedure or the federal procedure should apply in determining if the *Tapscott* fraudulent misjoinder exception has been satisfied

for purposes of removal and remand.

The factual background and analysis in *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, *supra*, is persuasive that the joinder of the California Defendants is improper. Plaintiffs' claims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the California Defendants in implanting a previously recalled patch in Plaintiff Sutton. Plaintiffs' claims against the California Defendants are not based on the allegedly negligent testing and manufacture of the Patch and cannot be under California law. *See e.g. Hector v. Cedars-Sinai Medical Center*, 180 Cal.App.3d 493, 500-502 (1986). In addition, Plaintiffs represented to the MultiDistrict Litigation Panel in their Brief in Support of Motion to Vacate Conditional Transfer Order:

> Admittedly, the claims in this case against DAVOL, BARD DEVICES, C.R. BARD involve common questions of fact and law as the cases already transferred to the MDL Proceedings. However, the claims of medical negligence asserted against Medical Defendants involves *factual and legal issues unique to this case*.

As in *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, *supra*, Plaintiffs' claims against the California Defendants are severed and remanded pursuant to Rule 21, Federal Rules of Civil Procedure, so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the

products liability case can be coordinated in a single forum.

B. CONSENT.

Plaintiffs further argue that remand is required because of the failure of all defendants to consent to the removal. Plaintiffs' argue that Defendants' assertion of procedural or fraudulent misjoinder cannot be sustained because, in the Ninth Circuit, fraudulent joinder is a "term of art" necessitating a showing that Plaintiffs have not stated a cause of action under state law. *McCabe, id.*

Because the *Tapscott* fraudulent misjoinder exception is applied, the *McCabe* test for fraudulent joinder is inapplicable.

In *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.1988), the Ninth Circuit noted:

> The parties dispute who exactly is a defendant in this suit within the meaning of the federal removal statute. Certain of the individually named defendants and Touche Ross & Co. contend they are not defendants because they were never served and did not join in the petition for removal. Emrich and Gillberg reply that a petition for removal necessarily binds all defendants and thus, makes all the defendants named in the complaint parties to this appeal. Both parties are partially correct. Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties ... This general rules applies, however, only to defendants properly joined and served in the action. *See Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir.1984)(noting 'a party not served need not be joined' in a petition for removal). On appeal, the record is unclear as to whether none or merely some of the defendants were served or otherwise subject to the

> jurisdiction of the state court. On remand, therefore, the district court is requested to determine what defendants were properly served and to permit amendment of the removal petition to name all the proper defendants. The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective ....

Plaintiffs argue that the statement in *Emrich* that the unanimity requirement for removal applies "only to defendants properly joined and served in the action" is *dicta* and that the *Salveson* case cited by *Emrich* only held that a defendant not served need not join in the removal petition. Therefore, Plaintiffs contend, *Emrich* does not constitute valid authority for the proposition that the Ninth Circuit recognizes an exception to the unanimity requirement for improper joinder. Plaintiffs note that Defendants cite in support of this position are cases from other circuits, one of which follows the fraudulent misjoinder theory.

Plaintiffs' position is without merit. Although the statement in *Emrich* may be dicta, the Ninth Circuit in *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir.2002), held that the rule of unanimity does not apply to fraudulently joined parties:

> If the fraudulence of a defendant's joinder is irrelevant for purposes of determining diversity, and there is no obligation to join such a defendant in a removal petition, there is no good reason why date of service on a fraudulently joined defendant should commence the thirty-day time period for removal under § 1446(b)."

This decision underscores *Emrich* and implies that a failure to

obtain the consent of an improperly joined defendant, as determined under the *McCabe* line of authority, does not negate an otherwise proper removal.

C. REQUEST FOR ATTORNEYS' FEES.

Plaintiffs couple their motion to remand with a request for move for an award of attorneys' fees and costs in the amount of $4,500.00.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award such fees is within the district court's discretion and does not require a finding of bad faith removal because the purpose of such an award is not punitive, but rather to reimburse a plaintiff for wholly unnecessary litigation costs caused by defendant. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446-447 (9th Cir. 1992).

Plaintiffs argue that an award of fees should be granted in this action:

> Removing Defendants fail to establish a single exception to the Complete Diversity or Forum Defendant rules as recognized by the Ninth Circuit. Rather, Defendants ask this Court, contrary to controlling case law, to create a new exception known as procedural misjoinder. Even if the Court accepted Defendants' version of the procedural misjoinder theory, it would not apply in this case, as joinder was clearly proper under California's permissive joinder statute. Lastly, the notice of removal was procedurally defective, as not all Defendants consented to removal.

Plaintiffs' request for attorneys' fees is DENIED. The Ninth Circuit has yet to address the *Tapscott* decision. *See HVAC Sales, Inc. v. Zurich American Ins. Group*, 2005 WL 2216950 (N.D.Cal.2005) at * 8, where the District Court, after ruling that *Tapscott* would not be applied, ruled:

> Although this court concludes that removal was improper, AMCO and SAFECO asserted tenable legal positions. *See Schmidt*, 780 F.Supp. at 704 (rejecting a fee request because '[t]he minority position regarding third-party removal is a plausible legal and factual basis for asserting removal jurisdiction'). Most courts that have awarded fees have done so when a defendant should have been aware that removal was improper ... That is not the case here.

Further, Plaintiffs' assertion that the consent of the California Defendants was required for removal based on fraudulent misjoinder is not the law in the Ninth Circuit.

<u>CONCLUSION</u>

For the reasons stated:

1. Plaintiffs' motion to remand is GRANTED IN PART AND DENIED IN PART;

2. Plaintiffs' claims against Defendants Jonathan Sales, M.D., Bakersfield Memorial Hospital, and Catholic Healthcare West are SEVERED AND REMANDED to the Kern County Superior Court;

3. Counsel for Defendants shall prepare and lodge a form of order setting forth the rulings in this Memorandum Decision within five (5) days following the date of service of this decision.

///

IT IS SO ORDERED.

**Dated: May 27, 2008**

**/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE