FILED
CLERK, U.S. DISTRICT COURT
JUN 1 1 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

9:34

A CERTIFIED TRUE COPY
ATTEST
By Mecca Thompson on Jun 06, 2008
FOR THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
Jun 06, 2008
FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
# on
# MULTIDISTRICT LITIGATION

**IN RE: KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION**

Larry Palmer, et al. v. Davol, Inc., et al.,
C.D. California, C.A. No. 8:08-220 ) MDL No. 1842
Brian Sutton, et al. v. Davol, Inc., et al.,
E.D. California, C.A. No. 1:08-280 )

JUN 1 0 2008
DISTRICT OF RHODE ISLAND

Larry Palmer, et al. v. Davol, Inc., et al.
SACV08-220 AHS (RNBx)

## TRANSFER ORDER

**Before the entire Panel:** Plaintiffs in actions pending, respectively, in the Central District of California and the Eastern District of California, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the actions to the District of Rhode Island for inclusion in MDL No. 1842. Responding defendants C.R. Bard, Inc. (Bard) and its wholly-owned subsidiary, Davol, Inc. (Davol), support transfer of the actions.[1]

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the District of Rhode Island, and that transfer of both actions to the District of Rhode Island for inclusion in MDL No. 1842 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Rhode Island was a proper Section 1407 forum for products liability actions involving allegations relating to the recall of several models of an allegedly defective prescription medical device known as the Composix Kugel Hernia Patch – used to surgically repair soft-tissue defects, most commonly incisional hernias of the abdominal region. *See In re Kugel Mesh Hernia Patch Products Liability Litigation*, 493 F.Supp.2d 1371 (J.P.M.L. 2007).

Plaintiffs in the Central District of California *Palmer* action can present their motion for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] Bard and Davol suggest that the Panel sever the claims against various health care providers in the Central District of California *Palmer* action, and transfer only the claims against Bard and Davol. They alternatively support transfer of all claims to the District of Rhode Island.

Attest to True Copy
DAVID A. DIMARZIO
By [signature]
Deputy Clerk

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Rhode Island and, with the consent of that court, assigned to the Honorable Mary M. Lisi for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen
Robert L. Miller, Jr.
David R. Hansen
J. Frederick Motz
Kathryn H. Vratil
Anthony J. Scirica